# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASUSTEK COMPUTER INC.,<br><br>　　　　Defendant. | Civil Action No. 6:19-CV-00059-RWS<br><br>**LEAD CASE** |
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARCO N.V.,<br><br>　　　　Defendant. | Civil Action No. 6:19-CV-00060-RWS<br><br>**Jury Trial Demanded** |

**DEFENDANT BARCO N.V.'S STATEMENT REGARDING PLAINTIFF'S MOTION TO DISMISS**

## I. Introduction

Pursuant to Local Rule CV-7, Defendant Barco N.V. ("Barco" or "Defendant") respectfully makes the following statement responsive to Plaintiff's Motion to Dismiss Defendants' Counterclaims with Prejudice (ECF No. 56).

Defendant plans to file amended counterclaims pursuant to Fed. R. Civ. P. 15(a). The amended counterclaims will be filed within 21 days after service of the motion under Rule 12(b), i.e., by March 2, 2020. Rule 15(a) permits such a filing "once as a matter of course," stating: "A party may amend its pleading once as a matter of course within: … (B) if the pleading is one to which a responsive pleading is required, … 21 days after service of a motion under Rule 12(b)…" Fed. R. Civ. P. 15(a). Barco has not yet amended its counterclaims, and this will be the first amendment. The counterclaims are pleadings to which a response is required, so such amendment is permitted within 21 days of Plaintiff's Rule 12(b)(6) motion that was filed February 10.

Accordingly, Plaintiff's Motion to Dismiss Defendants' Counterclaims with Prejudice (ECF No. 56) should be denied as moot upon filing of Barco's amended counterclaims.

## II. Statement Regarding Alleged Untimeliness of Counterclaim

Defendant further notes that it believes that its Counterclaims were filed in a timely manner. But to the extent that the Court determines otherwise, Barco requests leave to file the Counterclaims.

Plaintiff argues that Barco's counterclaims should be both (a) dismissed as untimely, and (b) dismissed with prejudice. Both requests should be denied.

First, Barco believes that its counterclaims were filed in a timely manner. Rule 12(a)(4)

states that "Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion …, the responsive pleading must be served within 14 days after notice of the court's action…" Fed. R. Civ. P. 12(a). The Court did not set a different time for serving the responsive pleading after denial of Barco's motion to dismiss. Rather, Barco's motion was denied on January 14, 2020. (ECF No. 26). Thus, the responsive pleading was due by January 28, and was timely filed on that date. (ECF No. 54).

This was the sole pleading in which Barco could make its counterclaims. Rule 13(a)(1) provides, "A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim …" Fed. R. Civ. P. 13(a). This rule establishes that the counterclaim "must" be stated in a Defendant's pleading.

Rule 7(a) allows only a limited set of pleadings, stating "Only these pleadings are allowed…" Fed. R. Civ. P. 7(a). Those pleadings include complaints, answers, and a reply (if ordered by the Court). The only pleading available to Barco in this case was "an answer to a complaint." Fed. R. Civ. P. 7(a)(2).

Thus, the rules establish (a) that the "responsive pleading must be served within 14 days" after the denial of the motion to dismiss, (b) that the "pleading must state as a counterclaim …", and (c) that the only allowed pleading was an answer to the complaint. Barco relied upon the mandatory nature of these rules to promptly file its counterclaims after the court ruled on Barco's motion to dismiss. If Barco had filed a counterclaim on or before December 29, 2019, Barco would have run afoul of two or more different rules that were not modified by the Court's docket control order. (ECF No. 41 p. 6). Barco does not believe that it was even permitted to file a counterclaim prior to December 29, 2019 – while the motion to dismiss was pending – without

3

potentially violating Fed. R. Civ. P. 11.

Yet, even if the Court deems that Barco was required to file its counterclaims no later than December 29, 2019, Barco respectfully requests that the Court grant leave for Barco to file the counterclaims after that date. First, Barco notes that – as set forth above – it had good cause to believe that it was timely filing its counterclaims and not imposing any undue or prejudicial delay. Second, the Fifth Circuit "will look at other factors before imposing harsh sanctions where less severe sanctions would suffice." *Am. Southern Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 627 (E.D. Tex. 2010). The Fifth Circuit has stated, "before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice." *Watson v. United States ex. Rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008). Here, Barco has not caused any delay or engaged in any contumacious conduct. Rather, Barco filed its counterclaims promptly within 14 days of the ruling on the motion to dismiss.

Dated:  February 24, 2020                                   Respectfully submitted,


By:     */s/ Edward K. Runyan*
Edward Runyan (pro hac vice)
NEUSTEL LAW OFFICES, LTD
2534 S University Drive, Suite 4
Fargo, ND 58103
(701) 281-8822
Email: Edward@neustel.com

Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, TX 75702
(903) 531-3535
Email: charley@pbatyler.com

Counsel For Defendant Barco N.V.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Edward K. Runyan*