**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ASUSTEK COMPUTER INC.,<br><br>        Defendant. | Civil Action No. 6:19-CV-00059-RWS<br><br>**LEAD CASE** |
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BARCO N.V.,<br><br>        Defendant. | Civil Action No. 6:19-CV-00060-RWS<br><br>**Jury Trial Demanded** |

**DEFENDANTS ASUSTEK COMPUTER INC. AND BARCO N.V.'S
MOTION TO STRIKE AND EXCLUDE
CERTAIN CLAIM CONSTRUCTION SUBMISSIONS**

Defendant Asustek Computer Inc. ("Asus") and Defendant Barco N.V. ("Barco") (collectively "Defendants") respectfully move the Court for an order striking and excluding certain submissions of Lone Star Technological Innovations, LLC ("Lone Star") that were provided to the Court with, or in support of, Lone Star's claim construction brief.  Lone Star has indicated that it will oppose this motion.

## I.    Argument

Defendants request that the Court strike and exclude three items: (1) Plaintiff's briefing regarding the construction of "viewer"; (2) Plaintiff's Exhibits 2 and 5 (ECF Nos. 84-2 and 84-5) and all references thereto and material therefrom in Plaintiff's brief; and (3) inappropriate portions of Plaintiff's technology tutorial.

Defendants request that the Court strike and exclude Plaintiff's current briefing and tutorial and require that Plaintiff promptly resubmit the same brief with redactions and the same technology tutorial with inappropriate portions deleted.

### A.    Lone Star's Belated and Prejudicial Construction of "Viewer" Should be Stricken and Excluded

Lone Star submitted its proposed construction of the claim term "viewer" belatedly and prejudiced Defendants by doing so (as set forth below).  Defendants immediately objected to the late disclosure.  Lone Star cannot lay behind the log with knowledge of the objection and then seek to profit from its belated disclosure.  Rather, a party seeking to modify the scheduling order to permit a belated disclosure must move to amend the scheduling order and demonstrate both "good cause" and a lack of prejudice to the opposing party.  Here, neither exists, and Lone Star's construction of viewer should be stricken.

The Court set the deadlines for P.R. 4-2 proposed disclosures in February, at which time Lone Star disclosed the following construction of "viewer":

2

| 14 | "viewer" | Not indefinite. No construction necessary. |
|---|---|---|

Defendant Barco hired an expert witness to prepare a claim construction declaration and identify extrinsic evidence, if any, based in part on Lone Star's disclosure.  (*See e.g.* ECF No. 84-3 (expert declaration)).  Defendant Asus also considered whether to identify extrinsic evidence or hire an expert, based in part on Lone Star's disclosure.

On March 16, the parties exchanged their final constructions with intrinsic and extrinsic evidence for the P.R. 4-3 filing, whereupon Defendants learned for the first time that Plaintiff proposed construing "viewer" as:

| 9. | "viewer" | Graphic user interface (GUI) menu display, configured on a man-machine interaction (MMI) mechanism. |
|---|---|---|

(ECF 74-2 p. 6).  Defendants immediately objected in the same filing, stating:

> Defendants object to Plaintiff's last minute disclosure of a construction for "viewer."  Plaintiff did not provide the construction until March 16, 2020, the deadline for filing under P.R. 4-3.  Accordingly, Defendants were foreclosed from the ability to investigate and/or identify any extrinsic evidence that could be used to challenge Plaintiff's construction.  Plaintiff's proposed construction should be stricken.

(ECF No. 74-3 p. 2).

Plaintiff should have either withdrawn the belated disclosure or promptly moved to amend the docket control order.  Instead, Lone Star chose to lay behind the log and improperly proffer its construction to the court, because Lone Star knew that the late disclosure had already

prejudiced Defendants.

For Lone Star to seek to modify the schedule under Fed. R. Civ. P. 16(b), to allow the late disclosure, Lone Star would have had to show "good cause." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Courts are directed to look at several factors that Lone Star could not have met: "We consider '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536. A judge of this court has stated the factors slightly differently:

1. The danger of unfair prejudice to the non-movant;
2. The length of the delay and its potential impact on judicial proceedings;
3. The reason for the delay, including whether it was within the reasonable control of the movant;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and
5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Nike, Inc. v. Adidas Am., Inc*., 479 F. Supp. 2d 664, 668 (E.D. Tex. 2007).

If Lone Star had a reason to seek modification of the schedule, it should have moved as early as possible, either as soon as it knew of the construction (which was at least as early as March 5 and probably earlier) or, at the latest, when the objection was made. But Lone Star could not satisfy the factors to obtain an extension. So Lone Star improperly waited, and then included the improper construction in its briefing. Doing so compounded the prejudice to Defendants. Defendants had already completed their searches, received the expert report, and completed the various portions of claim construction proceedings, resulting in exhaustion of the

4

budgets for doing those steps before receiving the belated disclosure from Lone Star.  After the objection was lodged, Lone Star further compounded the prejudice by deposing the expert regarding "viewer" (ECF No. 84-4 pp. 68-70) and requiring this motion to strike/exclude.

Lone Star never explained its "reason for the delay" under either the four factor or five factor tests above.  Strikingly, though, this is a term that Plaintiff required be included in the ten terms for construction.  On March 5, after Defendants proposed dropping "viewer" from the list of terms for construction, Plaintiff wrote an email stating, "… the Plaintiff needs to include separately, arguments for the claim term 'Viewer.'"  So, Plaintiff knew that it considered the construction important, but hid it from Defendants until after the time in which Defendants could identify evidence.   Considering the importance of this term to Plaintiff, there can be no legitimate "reason for the delay."

If Lone Star had moved immediately to amend the schedule, a part of the prejudice might have been cured.  Lone Star did not.  At the meet-and-confer on May 1, Lone Star offered to permit Defendants to make a supplemental disclosure or declaration.  But Lone Star would not agree to approach the Court to delay the entire schedule so that Defendants could submit a cohesive brief.  And Lone Star's offer is too little, too late, as it came a few days in advance of Defendant's deadline for claim construction briefing and after the budgets for the expert report and consideration of intrinsic/extrinsic evidence had been spent.

If Lone Star had moved to amend the schedule, it would not have been able to show the other factors in its favor either.  But Lone Star never moved to amend.  It did not act with the required diligence.

At this point in time, the best option is to strike Lone Star's arguments regarding the term "viewer" from the record and preclude Lone Star from making any argument other than its sole timely proffer, i.e.:

| 14 | "viewer" | Not indefinite. No construction necessary. |
|---|---|---|

**B.      Lone Star's Improper Extrinsic Evidence Should Be Stricken and Excluded**

Lone Star submitted and relied upon two improper extrinsic evidence exhibits in its claim construction briefing, i.e., Exhibits 2 and 5.  Exhibit 2 was not identified in a timely manner in Plaintiff's P.R. 4-2 or P.R. 4-3 disclosures. And neither Exhibit 2 nor Exhibit 5 is admissible.

A first requirement of extrinsic evidence to be considered on claim construction is that it be admissible evidence.   "The written description, the prosecution history, and **admissible extrinsic evidence** may supply context to understand the claim language."   *Overhead Door Corp. v. Chamberlain Grp., Inc.*, 194 F.3d 1261, 1272 (Fed. Cir. 1999) (emphasis added). Federal Rule of Evidence 901 provides the initial "requirement" for authenticating or identifying an item of evidence for admission.  That is, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  This can be "Testimony that an item is what it is claimed to be."  *Id.* at (a)(1).  After satisfying Rule 901, evidence must also satisfy the rule against hearsay, Fed. R. Evid. 802, unless certain conditions are met under Fed. R. Evid. 803.  In meeting the requirement for testimony about the documents, "Of course, attorney argument is not itself evidence."  *Thomas v. Bryant*, 938 F.3d 134, 162 n.135 (5th Cir. 2019); *see also Ragone v. Pizza Pan Elyria, LLC*, no. 13-51335, 2019 Bankr. LEXIS 1548 at *13-*14 (Bankr. N.D. OH May 21, 2019) (compiling cases from 3rd, 6th, 7th, 9th, and 11th Circuits, and multiple district courts, for the proposition that arguments in briefs are not evidence).

Because Plaintiff did not meet the requirements of any of Fed. R. Evid. 802, 803, and 901 with respect to Exhibits 2 and 5 (ECF Nos. 84-2 and 84-5), neither exhibit is admissible and

Defendants object to both under these rules.  Thus, neither Exhibit 2 nor Exhibit 5 is "admissible extrinsic evidence."  Rather, both exhibits and all argument referencing the exhibits should be stricken and excluded.

In addition to being inadmissible, Exhibit 2 (ECF No. 84-2) was not disclosed as extrinsic evidence anywhere in the P.R. 4-3 disclosure.  (*See generally* ECF No. 82 and *specifically* ECF No. 82-2 (Plaintiff's chart of evidence)).  While meeting-and-conferring, Plaintiff argued that Exhibit 2 contains proposed claim constructions from a previous case (case no. 6:15-cv-973) that should be given deference as if it was a court order.  However, upon review, there is no indication that this document is anything other than preliminary; and no Judge's name, signature, or seal appears on the document.  Indeed, there is no indication that it was created by the Court. It does not appear on the docket for case no. 6:15-cv-973.  And the parties to that case settled and dismissed before any claim construction order issued.  Thus, Exhibit 2 suffers from three problems: (1) it was not timely disclosed as extrinsic evidence; (2) it is not admissible; and (3) at best, it is preliminary and does not set forth the reasoning of any court regarding any claim terms.

Accordingly, Exhibits 2 and 5 and all references to those exhibits should be stricken and excluded.

### C.    Lone Star's Improper Advocacy in the Purported Technology Tutorial Should Be Stricken and Excluded

Finally, Lone Star's purported technology tutorial video is largely an attempt to submit an additional claim construction brief to exceed the briefing limits and is also inconsistent with both the patent and Lone Star's proposed claim constructions.  There are numerous problems with the technology tutorial video that should not be considered by the Court.  Defendants recognize that the tutorial is, to a degree, like a demonstrative exhibit that is not in evidence.  However, it is

possible that the Court will refer to the tutorial in attempting to gain knowledge with respect to the appropriate claim constructions.   Thus, improper portions, including claim construction argument, material contradictory with the patent-in-suit, and material in opposition to Lone Star's proposed constructions should be deleted before the Court considers it.

These objectionable portions include the following (denoted in the form MM:SS, where the MM digits represent the minute and the SS digits represent the second position within the video):

| Segment of Video | Reasons for Objections |
|---|---|
| 01:00 – 01:26 | The video's description of the prior art directly contradicts the '435 patent's description of the prior art.  The video states that in the prior art, a user could only change hue or saturation of all colors, without the ability to change the hue or saturation of one color.  The patent states, "Controlling colors in a displayed real time digital video image is typically performed by changing the hue, and/or, by increasing or decreasing the saturation of the colors or color components of the real time digital video image."  Col. 1:15-20. |
| 02:40 – 02:52 | The video directly contradicts Lone Star's proposed claim construction for "individual color," which was "a linear combination of colors or color components, such as red, green, blue, yellow, cyan, and magenta."  The video states that the "individual color blue" includes "colors ranging from light blue to dark blue."  This suggestion that "individual color" is **multiple** linear combinations of colors is directly opposed to the proposed construction of "**a** linear combination." |
| 03:40 – 03:49 | The video defines "hue" and "saturation."  Both terms are claim terms with agreed constructions.  However, the video uses definitions of the terms that are different from the agreed constructions. |
| 9:30 – 10:30 | The video attempts to argue claim constructions by asserting that something is a "preferred embodiment" from the patent and further uses "individual color" in a manner that opposes Lone Star's construction of the term.  The video further attempts to redefine an equation in the patent in a claim construction argument that is not properly a tutorial on the technology but rather a supplemental claim construction brief.  It is merely an attempt to explain Plaintiff's view of the patent disclosure, not the field of technology. |

| Segment of Video | Reasons for Objections |
|---|---|
| 10:30 – 11:20 | The video attempts to define the claim term "individual color" in a manner that is in opposition to Lone Star's proposed construction.  The video states "individual color is a range of colors" and "the individual color blue consists of all shades of blue… and not one specific color" whereas Lone Star's proposed construction defines "individual color" as "a linear combination of colors or color components, such as red, green, blue, yellow, cyan, and magenta."  The concept of one linear combination is actually one specific color and is the opposite of a "range" or "all shades."  So the claim construction is directly opposite of what the video states. |
| 11:20 – 12:25 | The video attempts to define the scope of the patent claims by stating that it is depicting an "implementation of the claimed method…"  However, the claims are portrayed incorrectly in a manner that amounts to claim construction briefing and not in a generic explanation of the technology.  Any additional claim construction position should have been included in the briefs, not in what is portrayed as a neutral tutorial on the technology.  As with the prior portions, the video uses the claim term "individual color" in a manner entirely inconsistent with Lone Star's proposed construction. |

Defendants' counsel have been involved in many patent infringement cases with technology tutorials.  Consistently, such tutorials are neutral explanations of the technology, not advocacy pieces.  And, consistently, they do not argue claim construction or infringement.  This tutorial departs from all the norms that counsel has encountered and acts as a supplemental claim construction brief, not a tool to help the Court understand the technology.

Defendants request that the Court strike and exclude the previously submitted video and order Plaintiff to either withdraw the tutorial or resubmit it with the objectionable portions deleted after conferring with Defendants regarding the revised version.

## II.    Conclusion

As set forth herein, the Court should decline to consider Lone Star's claim construction tutorial unless Lone Star resubmits it with the objectionable portions deleted.  The Court should strike the portion of Lone Star's brief related to the "viewer" term.  And the Court should strike

9

and exclude exhibits 2 and 5 and all reference to such exhibits or their contents in the brief.

The Court should strike and exclude the current versions of Plaintiff's claim construction brief and technology tutorial and order Plaintiff to promptly submit a redacted brief and an appropriately cut version of its technology tutorial to address these issues.

The proposed order submitted herewith addresses this request.


Dated:  May 2, 2020                              Respectfully submitted,


                                            By:      */s/ Vinay V. Joshi*
                                                 Vinay V. Joshi (Calif. Bar No. 213487)
                                                 vjoshi@thepatentattorneys.com
                                                 Andrew T. Oliver (Calif. Bar No. 226098)
                                                 aoliver@atwiplaw.com
                                                 Amin Turocy & Watson LLP
                                                 160 West Santa Clara Street
                                                 Suite 975
                                                 San Jose CA 95113
                                                 Telephone: (650) 618-6481
                                                 Facsimile:  (216) 696-8731

                                                 Counsel for Defendant
                                                 ASUSTeK Computer Inc.

Dated:  May 2, 2020                              Respectfully submitted,


                                            By:      */s/ Edward Runyan*
                                                 Edward Runyan (pro hac vice)
                                                 NEUSTEL LAW OFFICES, LTD
                                                 2534 S University Drive, Suite 4
                                                 Fargo, ND 58103
                                                 (701) 281-8822
                                                 Email: Edward@neustel.com

                                                 Charles Ainsworth
                                                 State Bar No. 00783521
                                                 PARKER, BUNT & AINSWORTH, P.C.
                                                 100 E. Ferguson, Suite 418
                                                 Tyler, TX 75702
                                                 (903) 531-3535
                                                 Email: charley@pbatyler.com

                                                 Counsel For Defendant Barco N.V.

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that Counsel for Defendants complied with the meet and confer requirement of Local Rule CV-7(h) and the motion is opposed.  Counsel for Plaintiff John Saba and John Lee conferred with Counsel for Asus Andrew T. Oliver and Counsel for Barco on May 1, 2020, but discussions reached an impasse because Plaintiff was unwilling to withdraw the objectionable material.

*/s/ Andrew T. Oliver*
**Andrew T. Oliver**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Andrew T. Oliver*
**Andrew T. Oliver**
