**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,** | |
| Plaintiff, | |
| **v.** | **Civil Action No. 6:19-CV-00059-RWS** |
| **ASUSTEK COMPUTER INC.,** | **(Lead Case)** |
| Defendants | **JURY TRIAL DEMANDED** |

**PLAINTIFF LONE STAR TECHNOLOGICAL INNOVATIONS, LLC'S OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE**

Plaintiff Lone Star Technological Innovations, LLC (hereinafter "Lone Star") respectfully submits this opposition to Defendants' Motion to Strike and Exclude Certain Claim Construction Submissions ("Motion") (Dkt. No. 86).

**I.    Argument**

**A. Lone Star Timely Disclosed Its Construction For "Viewer" And Should Be Allowed**

As a preliminary matter, Defendants state that Lone Star must meet the "good cause" standard, stating that Lone Star is seeking a motion to "amend the schedule." Motion at 2-3. However, Lone Star is not making any such motion.  Lone Star's construction of "viewer" and its evidence were timely disclosed and are admissible.   Further, the cases cited by Defendants relate to motions to strike amended infringement or invalidity contentions submitted after a claim construction order, which under Local Patent Rule 3-6 requires "good cause."  Specifically, *S&W Enters.v. Southtrust Bank of Ala.*, 315 F.3d 533,535 (5th Cir. 2003), involved an appeal from a plaintiff that was not allowed to amend its Complaint for a breach of contract dispute. *Nike, Inc.*

*v. Adidas Am., Inc.*, 479 F. Supp. 664, 668 (E.D. Tex. 2007), involved a motion to strike amended infringement contentions after the claim construction ruling based on Local Patent Rule 3-6(a)(1), which required a showing of "good faith," whereas no such requirement exists in the applicable local patent rules here.    Instead, it is Defendants' burden to meet the various requirements to strike that Defendants seek rather than shifting the burden to Lone Star.  The Court should deny Defendants' Motion to strike.

More importantly, Lone Star timely disclosed its construction of "viewer" on March 16, 2020.  *See* Dkt. No. 82-2.  The definition of "viewer" that Lone Star argues for in its Opening Claim Construction Brief is the same definition Lone Star proposed in the  Patent Rule 4-3 Joint Claim Construction and Prehearing Statement.  *Id*. Per the Patent Local Rules and the DCO in this case, Lone Star timely made this disclosure on March 16, 2020.  Thus, Defendants' real complaint appears to be that Lone Star's definition changed from its Patent Local Rule 4-2 Preliminary Disclosures.  Defendants have not cited any authority that prevents a party from changing the view of its construction from its 4-2 Preliminary constructions to what is disclosed in its 4-3s.

Defendants ignore that Patent Local Rule 4-2(c) requires the parties to "meet and confer for the purpose of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement."  The purpose of this process and why at the 4-2 stage proposed constructions are considered "preliminary" is that after the meet and confer it is contemplated that some parties may adjust their constructions, as the issues become more focused.  Otherwise the purpose of the Preliminary Constructions is subverted   Indeed, Defendants do not cite a single case for the position that a parties' construction cannot change from its *preliminary* 4-2 disclosures to their 4-3 disclosures.

Despite having Lone Star's construction for viewer since March 16, 2020, Defendants waited 38 days after they were on notice of Lone Star's revised construction and until after Lone Star filed its opening claim construction brief to take issue with the construction. Defendants' claim that they were somehow prejudiced by this ring hollow.  "As the Court has found in other contexts, 'defendant cannot lay behind the log until late in the case and then claim it lacks notice." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 616CV00961RWSJDL, 2017 WL 1376621, at *2 (E.D. Tex. Apr. 17, 2017). In *Realtime* the Court refused to exclude Plaintiff's Expert's Disclosure stating that "NetApp had ample opportunities to challenge Realtime's Local Patent Rule 4-2(b) and 4-3(b) disclosures long before Realtime filed its opening claim construction brief but chose not to take them." *Id*.  Just like *Realtime*, Defendants waited until after Lone Star filed its Opening Brief to file its Motion to strike.

Finally, no prejudice exists to Defendants.  Defendants' Patent Rule 4-1 exchange on February 5, proposed 22 terms for construction.  On February 13, Lone Star sought to meet and confer with defendants to reduce the dispute terms to ten.  Defendants waited until the March 5, Patent Rule 4-3 meet and confer to work with Lone Star to reduce the claim terms to ten.  The parties filed a motion on March 11 to extend the 4-3 deadline to March 16 as the disputed terms was still over ten.  (Dkt. No. 69).  The parties agreed to ten terms on March 13.   Lone Star submitted the final construction for "viewer" three days later on March 16.  Defendants can hardly claim prejudice when they took so long in narrowing down the disputed terms to the 4-3 limit and thus was responsible for the "harm" that they claim to have suffered.  Further, Defendants have been on notice since March 16, 2020 of Lone Star's position.  Defendants claim construction brief was not due until May 6, 2020—they had plenty of time to make any adjustments.  Defendants' Motion also recognized that the March 16 construction was a "final construction" compared to the

preliminary constructions exchanged on February 19.  *See* Defendants' Motion at 3 ("parties exchanged their final constructions").   Defendants' Motion does not state how or why they are prejudiced.  In fact, as stated in Defendants' Motion at 5 that Plaintiff has offered to allow Defendants to submit a supplemental expert declaration, which Defendant has refused, likely because there is nothing different to offer.

For all of the above reasons, Plaintiff's Motion should be denied.

**B.  Lone Star's Extrinsic Evidence Was Properly Disclosed And Should Be Allowed Court's Previous Proposed Constructions**

1.  Exhibit 5

Exhibit 5 is an Adobe published technical document entitled, "Matching RGB Color from Monitor to Printer."  As a preliminary matter, Lone Star timely disclosed its intent to use this publication as extrinsic evidence during its Patent Local Rules 4-2 Preliminary Claim Construction Disclosure on February 19, 2020.  *See* Dkt. No. 82-2 at 2.  Despite Lone Star's timely disclosure, the first time that Defendants raised any objection to Exhibit 5 was after Lone Star filed its Opening Claim Construction brief.  "As the Court has found in other contexts, 'defendant cannot lay behind the log until late in the case and then claim it lacks notice." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 616CV00961RWSJDL, 2017 WL 1376621, at *2 (E.D. Tex. Apr. 17, 2017).

Defendants cite generic evidentiary challenges to Exhibit 5, while completely ignoring the document itself.  The document states that it was copyrighted in 1991-1992 by Adobe Systems Incorporated.   Further, Exhibit 5 is publicly available on Adobe's website at https://www.adobe.com/content/dam/acom/en/devnet/postscript/pdfs/5122.MatchRGB.pdf.  *See* Declaration of Bradley D. Liddle, Ex. A.  These factors give sufficient justification for the document to be admissible.

Courts have found testimony of a viewer of Internet evidence "in combination with **circumstantial indicia** of authenticity (such as the dates and web addresses), would support a finding" that the website documents are what the proponent asserts. *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F.Supp.2d 1146, 1154 (C.D. Cal. 2002) (emphasis added). *See also, Lorraine v. Markel American Insurance Company*, 241 F.R.D. 534, 546 (D. Md. May 4, 2007) (citing Perfect 10, and referencing MD5 hash values as an additional element of potential "circumstantial indicia" for authentication of electronic evidence). Given that Adobe is a well-known reputable company and that the document is available on its website, along with the fact that it is copyrighted, provides sufficient circumstantial indicia that the document is admissible. Further, Exhibit 5 was offered and accepted by another Court in this District in prior claim construction proceedings regarding this patent. *See Lone Star Technological Innovations, LLC v. Acer, et al.*, Case No. 6-15-cv-973-JRG-JDL, Dkt. No. 50 at 22 (attached as Exhibit 8). Thus, Exhibit 5 meets the requirements for authentication under F.R.E. 901.

Lone Star is unclear of the basis for Defendants' hearsay objection. The Federal Circuit has specifically allowed the use of extrinsic evidence during claim construction, stating:

> we have also authorized district courts to rely on extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.' *Markman*, 52 F.3d at 980, *citing Seymour v. Osborne*, 78 U.S. (11 Wall.) 516, 546, 20 L. Ed. 33 (1870); *see also* Vitronics, 90 F.3d at 1583.

*Phillips v. AWH Corp.,* 315 F.3d 1303, 1317-1318 (Fed. Cir. 2005). As such courts and commentators have often adopted a loosened approach regarding hearsay regarding extrinsic evidence. As stated by one court,

> "even assuming the expert reports from the other cases are hearsay, it is not improper for the Court to consider them as extrinsic evidence that may impact a determination of the proper construction. *See Sterisil, Inc. v. ProEdge Dental*

*Products, Inc.*, 2015 U.S. Dist. LEXIS 189885, 2015 WL 13091166, at n.2 (D. Colo. Aug. 7, 2015) ("As a general matter, courts and commentators have recommended an approach to claim construction hearings and technology tutorials where the Federal Rules of Evidence are applied 'loosely' without demanding all of the requirements for admissibility to be satisfied as would be the case for presentation of evidence to a jury of lay persons."); *Neev v. Abbott Medical Optics, Inc.*, 2012 U.S. Dist. LEXIS 42024, 2012 WL 1066797 (D. Del. Mar. 26, 2012) (overruling hearsay objection to portions of claim construction brief).

*Arris Grp., Inc. v. Mobile Telecomms. Techs., LLC (In re Mobile Telecomms. Techs., LLC)*, 265 F. Supp. 3d 454, 466 n.14 (D. Del. 2017).

<u>Exhibit 2</u>

Exhibit 2 is a copy of the Court's Proposed Claim Constructions that the Court gave in a previous litigation (*Lone Star Technological Innovations, LLC v. Acer, et al.*, Case No. 6-15-cv-973-JRG-JDL) involving the same patent.  As such, Exhibit 2 is self-authenticating as an official Court record.  *See* Declaration of Bradley D. Liddle, Ex. A.

Additionally, these proposed constructions are part of the intrinsic record and thus, highly relevant to the claim construction proceedings. *Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-CV-53-JRG, 2019 WL 1614725, at *4 (E.D. Tex. Apr. 15, 2019) ("In general, prior claim construction proceedings involving the same patents-in-suit are "entitled to reasoned deference under the broad principals of stare decisis and the goals articulated by the Supreme Court in Markman, even though stare decisis may not be applicable per se." Maurice Mitchell Innovations, LP v. Intel Corp., No. 2:04-CV-450, 2006 WL 1751779, at *4 (E.D. Tex. June 21, 2006) (Davis, J.); *see TQP Development, LLC v. Intuit Inc.*, No. 2:12-CV-180, 2014 WL 2810016, at *6 (E.D. Tex. June 20, 2014) (Bryson, J.) ("[P]revious claim constructions in cases involving the same patent are entitled to substantial weight, and the Court has determined that it will not depart from those constructions absent a strong reason for doing so."); *see also Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct.

831, 839–40 (2015) ("prior cases will sometimes be binding because of issue preclusion and sometimes will serve as persuasive authority") (citation omitted); *Finisar Corp. v. DirecTV Grp., Inc.,* 523 F.3d 1323, 1329 (Fed. Cir. 2008) (noting "the importance of uniformity in the treatment of a given patent") (quoting *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 390 (1996)).

Finally, Lone Star timely provided Defendants with a copy of the Court's prior proposed constructions on January 15, 2020 - more than four months before   claim construction briefing. Defendants were on notice and cannot now claim prejudice.

In addition, the chart is highly relevant to claim construction here.  This chart was created by the Court in *Lone Star Technological Innovations, LLC v. Acer, et al.*, and is referred to in the Markman hearing transcript for that case.  *Lone Star Technological Innovations, LLC v. Acer, et al.*, Case No. 6-15-cv-973-JRG-JDL, Dkt. No. 66.  There the Court invested substantial time in that case, not only in considering all of the arguments, but also in hiring a technical advisor and in conducting the Markman hearing.  Thus, the substantial weight of the evidence outweighs any alleged prejudice by the Defendants in this case.

**C.  Lone Star's Tutorial Properly Educates The Court Regarding The Technology At Issue**

Lone Star elected to provide the Court with a technical tutorial explaining the background of the technology, the problem in the art to overcome, and the general concepts of the patented technology related to the '435 Patent.  Lone Star previously submitted a similar tutorial (as it relates to the '435 Patent) in *Lone Star Technological Innovations, LLC v. Acer, et al.*, Case No. 6-15-cv-973-JRG-JDL.  Defendants did not submit a technical tutorial.  Instead, Defendants seek to strike portions of Plaintiff's tutorial without authority.

Defendants' argue that Lone Star's technical tutorial is improper citing a handful of objections.  *See* Motion at 8-9.   Lone Star responds to each of Defendants' objections as follows:

| Segment of Video | Lone Star's Response to Defendants' objections |
|---|---|
| 01:00-01:26 | Defendants are quoting the patent out of context.  The patent clearly states that prior to the invention, changing hue or saturation prior to the invention affected all colors: "individual color by this procedure affects the hue and/or saturation of all the colors or color components of the television image, and not just the hue or saturation of the individual color desired to be changed by the user." Col. 2: 3-8. |
| 02:40-2:52 | The video is consistent with Lone Star's proposed constructions. Light blue to dark blue all have blue as an individual color component, whether it's light blue or dark blue depends on the value of blue. |
| 03:40-03:49 | The technical tutorial does not provide an explicit definition of hue or saturation, but rather a description of each.  The fact that Lone Star did not use the exact language that it proposed in this case for the technology tutorial is of no import, since the purpose was to explain the concept.  To do what Defendants suggest would be improper advocacy not a background primer on the technology at issue. |
| 09:30-10:30 | Lone Star is proving a technological overview.  It neither argues a construction position nor "redefines" an equation.  The technical tutorial merely provides an example of the application of the patent technology. . |
| 10:30-11:20 | Lone Star does not attempt to define a claim term.  Rather, the technical tutorial explains an individual color in the context of the patented technology.  The patent clearly states that prior to the invention, changing hue or saturation prior to the invention affected all colors: "individual color by this procedure affects the hue and/or saturation of all the colors or color components of the television image, and not just the hue or saturation of the individual color desired to be changed by the user." Col. 2: 3-8. |
| 11:20-12:25 | Lone Star does not attempt to define the scope of the patent claims.  Rather, the technical tutorial explains the general application of the patented technology in a manner consistent with the patent itself. |

## II.     Conclusion

For the foregoing reasons, Lone Star asks the Court to deny Defendants' Motion to Strike.

Dated: May 18, 2020                    Respectfully submitted,

                                       By: */s/* Bradley D. Liddle

                                            Bradley D. Liddle
                                            Texas State Bar Number 24074599
                                            bliddle@carterarnett.com
                                            Minghui Yang
                                            Texas State Bar Number 24091486
                                            myang@carterarnett.com
                                            Laura Maninger
                                            Texas State Bar Number 24106245
                                            lmaninger@carterarnett.com
                                            **CARTER ARNETT, PLLC**
                                            8150 N. Central Expressway, Suite 500
                                            Dallas, Texas 75206
                                            (214) 550-8188

                                            John Saba
                                            **WITTLIFF CUTTER PLLCS**
                                            1803 West Avenue
                                            Austin, Texas 78701
                                            (512) 960-4865
                                            john@witliffcutter.com

                                            John Lee (admitted to E.D. Texas)
                                            **BANIE & ISHIMOTO LLP**
                                            3705 Haven Ave. $137
                                            Menlo Park, CA 94025
                                            (650) 241-2771
                                            *Attorneys for Plaintiff Lone Star*
                                            *Technological Innovations, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Ma 18, 2020, I electronically filed the foregoing Motion using

the CM/ECF system which will send notification of such filing via electronic mail to all counsel

of record.

<u>  /s/ Bradley D. Liddle                      </u>