IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendants | Civil Action No. 6:19-CV-00059-RWS<br><br>(Lead Case)<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LONE STAR TECHNOLOGICAL INNOVATIONS, LLC'S SUR-REPLY TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE**

Plaintiff Lone Star Technological Innovations, LLC (hereinafter "Lone Star") respectfully submits this sur-reply to Defendants' Motion to Strike and Exclude Certain Claim Construction Submissions.

I.   **Lone Star Timely Disclosed Its Construction For "Viewer"**

Defendants fail to cite a single authority for the proposition that a parties' claim construction cannot change from its *preliminary* 4-2 disclosures to their 4-3 disclosures. In fact, Defendants ignore Patent Local Rules 4-2 and 4-3 entirely, without contesting that there can be differences between preliminary and final constructions. Lone Star's construction for "viewer" was timely submitted under the rules. Thus, Lone Star is not asking for a change in the scheduling order because Lone Star complied with it.

Similarly, Defendants do not address why they waited 38 days after they were on notice of Lone Star's revised construction and until after Lone Star filed its Opening Claim Construction Brief to take issue with the construction. Nor do Defendants address *Realtime Data, LLC v.*

1

*Rackspace US, Inc.*, No. 616CV00961RWSJDL, 2017 WL 1376621, at *2 (E.D. Tex. Apr. 17, 2017), where the Court refused to exclude Plaintiff's Expert's Disclosure stating that "NetApp had ample opportunities to challenge Realtime's Local Patent Rule 4-2(b) and 4-3(b) disclosures long before Realtime filed its Opening Claim Construction Brief, but chose not to take them." *Id*.

Most importantly, to cure any perceived prejudice, Lone Star offered to allow Defendants to submit a supplemental expert declaration. Defendants declined. Instead, Defendants elected to move to strike and hamper Plaintiff's arguments. No prejudice existed. But if it did, it could have very well been cured but for the Defendants' decision to opt out of supplementation.

Finally, Defendants for the first time in their Reply ask the Court to consider deposition testimony of Lone Star's expert from another case. "The Court does not accept new arguments, or a change of theory raised for the first time in a reply." *Digital Generation, Inc. v. Boring*, 869 F.Supp.2d 761, 771 (N.D.Tex.2012) (declining to consider new arguments or evidence raised in reply brief); *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, *9 (S.D. Tex. June 20, 2012) (citing Conway v. United States, 647 F.3d 228, 237 n.8 (5th Cir. 2011)). *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2019 WL 6117308, *4 (E.D. Tex. Nov. 18, 2019). Defendants not only had an opportunity to present this in its Motion to Strike (DKT. No. 86, 2-6), but also in its Responsive Claim Construction Brief (DKT. No. 88, at 13-19), but chose not to. Defendants also ignores the fact that Lone Star's proposed construction in the prior case was "no construction necessary". *See Lone Star Technological Innovations, LLC v. Acer, Inc.*, Case No. 6:15-cv-00973-JRG-JDL (E.D. Tex)., Dkt. Nos. 50 (Lone Star's Opening Claim Construction Brief at 27-28) and 55 (Lone Star's Reply Claim Construction Brief at 10). Lone Star has, therefore, not taken a contradictory position on viewer. Defendants have failed to show

that they suffered any harm when Lone Star complied with the scheduling order in providing its preliminary and final proposed constructions for "viewer."

For all of the above reasons, Plaintiff's Motion should be denied.

### II. Lone Star's Extrinsic Evidence Was Properly Disclosed And Should Be Allowed Court's Previous Proposed Constructions

#### A. Exhibit 5

Defendants ignore the caselaw cited by Lone Star regarding admissibility of Internet articles in patent cases where there is proof of "circumstantial indicia" of authenticity. Lone Star has satisfied its burden. Had Defendants raised this issue earlier, Lone Star could have sought discovery from Adobe confirming the date of publication of the document. However, despite the fact that Lone Star disclosed Exhibit 5 in its Rule 4-2 Disclosures, Defendants never objected until after Lone Star had submitted its brief and it was too late for Lone Star to conduct such discovery. Lone Star asks that the Court to deny Defendants' objections to same.

#### B. Exhibit 2

Lone Star submitted a declaration from attorney Bradley Liddle with its opposition attesting to the authenticity of Exhibit 2. *See* Dkt. No. 91-1. Defendants again ignore the case law cited by Lone Star regarding the relevancy and admissibility of prior claim construction proceedings.

Lone Star does not deny that Exhibit 2 represented the Court's preliminary constructions in a prior case. However, if anything, the fact that the chart outlines a Court's preliminary constructions should go to weight, not admissibility. Certainly, Defendants were free to bring up how the Court may have changed its ruling or thoughts based on the publicly available transcript. Defendants' objections to the Honorable Judge Love's preliminary constructions should be denied.

### III.   Lone Star's Tutorial Properly Educates The Court Regarding The Technology At Issue

Lone Star has previously used this same tutorial (as it relates to the '435 Patent) in *Lone Star Technological Innovations, LLC v. Acer, et al.*, Case No. 6-15-cv-973-JRG-JDL. The tutorial is meant only to provide a technical background about the inventions of the patent, not any commentary or argument on any specific terms. As such, Lone Star created the tutorial independent from its claim construction and in a manner that is hopefully helpful as an introduction to the subject matter for the Court. Defendants provide no valid reasons why the tutorial should be struck.

### IV.   Conclusion

For the foregoing reasons, Lone Star asks the Court to deny Defendants' motion in its entirety.

Dated: May 29, 2020                              Respectfully submitted,

By: */s/ Bradley D. Liddle*

Bradley D. Liddle
Texas State Bar Number 24074599
bliddle@carterarnett.com
Minghui Yang
Texas State Bar Number 24091486
myang@carterarnett.com
Laura Maninger
Texas State Bar Number 24106245
lmaninger@carterarnett.com
**CARTER ARNETT, PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 550-8188

John Saba
**WITTLIFF CUTTER PLLCS**
1803 West Avenue

4

Austin, Texas 78701
(512) 960-4865
john@witliffcutter.com

John Lee (admitted to E.D. Texas)
**BANIE & ISHIMOTO LLP**
3705 Haven Ave. $137
Menlo Park, CA 94025
(650) 241-2771
*Attorneys for Plaintiff Lone Star Technological Innovations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically filed the foregoing Motion using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

    /s/ Bradley D. Liddle