IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC, | § § § § | |
| Plaintiff, | § § § | Civil Action No. 6:19-CV-00059-RWS |
| v. | § § § | LEAD CASE |
| ASUSTEK COMPUTER INC., | § § § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |
| | § § | |

## JOINT OPPOSED MOTION TO AMEND DOCKET CONTROL ORDER

Defendants ASUSTek Computer Inc. and Barco N.V. (collectively, the "Parties") jointly request that the Court extend the remaining deadlines in the docket control based upon the restrictions to discovery due to work and travel restrictions imposed by the ongoing COVID-19 pandemic, the parties' desire to consider the recent claim construction order and attempt to resolve the matter in view of that order, the ordered mediation that Magistrate Judge Craven cannot complete this month, and ongoing discovery that has been delayed in part due to the COVID-19 pandemic.

The unprecedented COVID-19 pandemic has rendered the completion of discovery within the ordered deadline impossible to complete, especially because both Defendants (Asus and Barco) are located in different foreign countries that each have their own strict COVID-19 restrictions. While each Defendant faces somewhat different circumstances in their own home countries, Defendants believe that keeping both Defendants on the same schedule will be efficient for the Court, as such efficiencies have already been realized in joint claim construction

briefing and should be realized in future docketed tasks (such as dispositive motions and pretrial briefing), as well as be efficient for the parties.

Most relevant Barco employees to be deposed are located in Belgium.  Due to the COVID-19 pandemic, the government of Belgium has placed strict restrictions on Belgian employees, such that the Barco employees are not permitted to work.  The restrictions are so strict that the government of Belgium is monitoring employee emails, and employees may be denied their furlough pay if they are found to have been using email communications for work purposes during the shut-down.  Travel restrictions also remain in effect.  Travel to Belgium from the United States is prohibited for non-essential purposes.  <<*See* https://dofi.ibz.be/sites/dvzoe/EN/Pages/Travel-to-Belgium.aspx>>.  Travelers to and from Belgium are subject to a 14-day quarantine upon entry to Belgium and a second 14-day quarantine upon entry to the United States from Belgium.  <<*See* https://be.usembassy.gov/covid-19-information/#:~:text=The%20Government%20of%20Belgium%20has%20imposed%20entry%20controls%20on%20non,European%20Union%20to%20the%20country.&text=International%20commercial%20flight%20options%20currently,return%20to%20the%20United%20States.>>.  Accordingly, even if the Barco employees to be deposed were permitted to work at present, either the lawyer(s) traveling to Belgium to prepare for and take/defend the deposition or the employee(s) traveling to the United States for deposition would be subject to a total of 28-days of quarantine under the laws of the United States and Belgium.

The relevant Asus employees to be deposed are located in Taiwan.  Due to the COVID-19 pandemic, the government of Taiwan has placed strict travel restrictions in effect.  Travelers to and from Taiwan are subject to a 14-day quarantine upon entry to Taiwan.  <<*See*

https://www.ait.org.tw/covid-19-information/>>.  It is difficult to ascertain whether the United States government will require any quarantine upon travel from Taiwan into the United States. Thus, either the lawyer(s) traveling to Taiwan to prepare for and take/defend the deposition or the employee(s) traveling to the United States for deposition would be subject to at least 14-days of quarantine under the laws of Taiwan, and possibly 28-days of quarantine, depending on the restrictions placed by the United States.

The noticed depositions include both individual and Rule 30(b)(6) depositions.  Because both Defendants operate in foreign countries that have significantly different languages and legal systems, even if a deposition is taken remotely by video or audio conference, it will be important for the defending attorney to be present in-person for both pre-deposition preparation (so that counsel can give adequate instructions about the legal structure in the United States) and during the deposition (so that counsel can hear and, where necessary, object to the questions in the same manner that the deponent hears the question).  The faults with video and audio conferencing over either the Atlantic or the Pacific Ocean are such that delays are introduced that may cause a witness to start answering before an objection or instruction can be heard, or, worse, may cut off the defending attorney without notice to either the witness or the questioning attorney.  In such a situation, an entire series of objectionable questions may be asked and answered without the benefit of the objections.  In a worst-case scenario, this might invade the attorney-client privilege in a damaging manner.  Further, because translations will be needed for most, if not all, of the depositions, it is doubly important for defense counsel to be present with the witness to eliminate the ambiguities of translation that may occur if translation is received in a delayed manner or garbled language due to video or audio conference.  It would be significantly prejudicial to any defendant to be forced to defend a deposition (a) in a foreign language, and (b) in a legal

3

framework different than one familiar to the deponent, unless counsel can be present with the witness during the deposition.  *See, e.g., Redmond v. Poseidon Pers. Servs., S.A.*, No. 09-2671, 2009 U.S. Dist. LEXIS 104749, at *11 (E.D. La. Oct. 19, 2009) ("Poseidon should be accorded the same right to have its counsel present during its deposition. Accordingly, the Court finds that the Magistrate's Order is clearly erroneous insofar as it prohibits defendant from having its counsel present during the Rule 30(b)(6) deposition.").

In addition to the need to delay depositions, Plaintiff has also sent letters rogatory to multiple foreign companies and subpoenas to third parties.  While Defendants are not aware of all of the nuances of Plaintiff's communications with such companies, it appears that the COVID-19 pandemic may be affecting the response times to such letters rogatory and subpoenas.

Further to these discovery matters, the parties were ordered to complete mediation with Magistrate Judge Craven within 14 days of the entry of the claim construction order.  That would have required completion of mediation by August 14.  However, while the parties promptly notified Magistrate Judge Craven upon entry of the claim construction order, the parties learned that Magistrate Judge Craven would not be available to assist with the mediation within the required time period.  The parties do wish to explore the possibility of resolving the matter with the claim construction order in mind.  Accordingly, the parties further seek an extension to be provided the opportunity to engage in mediation before preparing expert reports and dispositive motions.

Because the schedule remains very tight between now and trial, any partial adjustment to the schedule is expected to either prejudice one side or another, or to move the trial date.  To avoid such prejudice and provide for a reasonable time to complete discovery (in hopes that the

4

COVID-19 travel restrictions will be lightened), Defendants respectfully submit the attached

proposed revised schedule.  This schedule shifts all remaining dates by approximately 3 months,

subject of course to the Court's own schedule.  It is hoped that this 3-month shift will allow for

completion of discovery in view of the COVID-19 pandemic, although it may become necessary

for the parties to seek further extensions depending on how the governments of the United States,

Belgium, and Taiwan respond further to the ongoing pandemic.

The Parties seek this extension of time not for delay, but for good cause so that justice

may be served. Further, the extension of the foregoing deadline will facilitate the orderly

progression of this case.  The requested extension does affect all remaining deadlines and the

trial date in this action.

Plaintiff Lone Star Technological Innovations, LLC ("Plaintiff") has indicated that it

opposes this request.


Dated: August 10, 2020                                        Respectfully submitted,

                                                  By: */s/ Vinay V. Joshi*
                                                        Vinay V. Joshi (admitted to E.D. Texas)
                                                        California Bar No. 213487
                                                        vjoshi@atwiplaw.com
                                                        **AMIN TUROCY & WATSON LLP**
                                                        160 West Santa Clara Street
                                                        Suite 975
                                                        San Jose, CA 95113
                                                        (650) 618-6481 Telephone
                                                        (216) 696-8731 Facsimile

                                                        ***Counsel for Defendant***
                                                        ASUSTeK Computer Inc.


                                                  By: */s/ Ed K. Runyan*
                                                        Edward K. Runyan (admitted to E.D. Texas)
                                                        Edward@neustel.com
                                                        **NEUSTEL LAW OFFICES, LTD**
                                                        2534 S. University Drive.

Suite 4
Fargo, ND 58103
(701) 281-8822 Telephone


Charles Ainsworth
Texas State Bar No. 00783521
charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson
Suite 418
Tyler, Texas 75702
(903) 531-3535 (Phone)

*Counsel for Defendant*
Barco N.V.

6

## CERTIFICATE OF CONFERENCE

I hereby certify that  counsel for the parties have complied with the meet and confer requirement in Local Rule CV-7(h), including through a telephonic meeting of counsel for all the parties that was preceded by email exchanges.  Counsel for Plaintiff indicated that Plaintiff opposes the relief sought herein.

*/s/ Ed K. Runyan*
Edward K. Runyan


*/s/ Andrew T. Oliver*
Andrew T. Oliver


## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, I electronically filed the foregoing Motion using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Andrew T. Oliver*
Andrew T. Oliver