# United States District Court
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,** | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | **Case No. 6:19-cv-00059-RWS** |
| **ASUSTEK COMPUTER, INC.,** | | |
| Defendant. | | |

### ORDER SCHEDULING MEDIATION CONFERENCE

This case has been referred for a mediation conference before U. S. Magistrate Judge Caroline M. Craven.   All parties and their lead counsel are **ORDERED TO APPEAR** at the **U. S. District Court, 500 N. State Line, Fourth Floor Courtroom, Texarkana, Texas, on October 1, 2020, at 10:00 a.m.**

The Court recognizes the current COVID-19 pandemic and intends to follow mitigation protocols to maximize the safety of all individuals. The Court will continue to adhere to the visitor restrictions set forth in the Court's General Order Regarding Targeted Visitor Restrictions.  GO 20-4. Accordingly, you may be asked about your recent travel, potential exposure, and current health.  If you fall within one of the restricted categories, you will not be granted admission.  The Court will be enforcing social distancing among the parties, counsel, and court staff. To the greatest extent possible, we will strive to maintain a six-foot distance between all those present. You are encouraged to wear a face covering, but we will neither require nor provide one. Additionally, we encourage all participants to follow the CDC's community mitigation guidelines before attending the mediation. That includes washing hands often; avoiding close contact with people who are sick and practicing social distancing; covering mouth and nose with a cloth face cover when around others; covering coughs and sneezes;

and cleaning and disinfecting frequently touched surfaces daily.

## SETTLEMENT CONFERENCE PREPARATION

Over 95% of all civil suits settle prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared obtains the best result. The Court has found that the following steps are essential to a successful mediation conference.

**A. FORMAT**

1. **PREMEDIATION CONFERENCE DEMAND AND OFFER.** A mediation conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the mediation conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the mediation conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, Plaintiff's counsel shall deliver or fax copies of these letters to Judge Craven's chambers no later than three (3) days before the conference. Do not file copies of these letters in the Clerk's Office.

2. **ATTENDANCE OF PARTIES REQUIRED. Parties with ultimate settlement authority must be personally present.** An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *authority to settle the matter up to the limits of the opposing parties' existing settlement demand.* An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer.* Having a client with authority

available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[1] Because the Court generally sets aside the day for each conference, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.

  **3. MEDIATION FORMAT.** The Court will generally use a mediation format: opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

  **4. STATEMENTS INADMISSIBLE.** Statements made by any party during the mediation conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

**B. ISSUES TO BE DISCUSSED AT MEDIATION CONFERENCE**

 Parties should be prepared to discuss the following at the mediation conference:

1. What are your objectives in the litigation?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

---

[1] The purchase of an airplane ticket is not an extenuating circumstance.

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding liens? Do we need to include a representative of the lienholder?

**C.   INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have participated in a court supervised mediation conference. Therefore, counsel shall provide a copy of this Standing Order to the client and shall discuss the points contained herein with the client prior to the mediation conference.

**SIGNED this 26th day of August, 2020.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE