**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,** § § § § § § § § § § § § § § § § | |
| *Plaintiff,* | Civil Action No. 6:19-CV-00059-RWS |
| | LEAD CASE |
| v. | |
| **ASUSTEK COMPUTER INC.,** | |
| *Defendant.* | JURY TRIAL DEMANDED |

**DEFENDANT ASUS COMPUTER INC.'S NOTICE REGARDING ERRORS IN DECLARATION OF JOHN LEE (DKT. 119-1) SUBMITTED IN OPPOSITION TO DEFENDANTS' JOINT OPPOSED MOTION TO AMEND DOCKET CONTROL ORDER (DKT. 107)**

On September 1, 2020, plaintiff's counsel Mr. John Lee submitted a declaration in this case titled "DECLARATION OF JOHN LEE." (Dkt. 119-1). The declaration was in support of plaintiff's sur-reply brief (Dkt. 119) to defendants' motion to amend the Docket Control Order (Dkt. 107). In his declaration, Mr. Lee made the following three assertions about defendant Asus that are factually erroneous.

> "6. Asus has never identified James Lin or Alvin Lin as 30(b)(6) deponents.
> 7. Asus has never offered any proof or evidence or explanation that Asus's counsel had problems with participating in a deposition of Asus's 30(b)(6) witness before the close of fact discovery.
> 8. Asus has never offered any proof or evidence or explanation that Asus's 30(b)(6) designee had problems with participating in Asus's 30(b)(6) deposition before the close of fact discovery."

It appears that Mr. Lee was unaware of the written and oral communications that his co-counsel Mr. John Saba and Mr. Bradley Liddle have had with Asus's counsel. Yesterday, the undersigned sent Mr. Lee the attached example communications that show that (i) Asus did in

fact identify both James Lin and Alvin Lin as 30(b)(6) deponents and (ii) on numerous occasions parties discussed problems for Asus's 30(b)(6) deponents caused by in-person depositions (COVID-19 related travel restrictions) and remote depositions (lack of familiarity with language and process). Mr. Lee said that he will file a corrected declaration today. As the Court may rule on the defendants' motion anytime now, Asus wanted to alert the Court that Mr. Lee will be filing a corrected declaration.

Dated: September 4, 2020

Respectfully submitted,

By: */s/ Vinay V. Joshi*
Vinay V. Joshi (admitted to E.D. Texas)
California Bar No. 213487
vjoshi@atwiplaw.com
Andrew T. Oliver
California Bar No. 226098
aoliver@atwiplaw.com
**AMIN TUROCY & WATSON LLP**
160 West Santa Clara Street
Suite 975
San Jose, CA 95113
(650) 618-6481 Telephone
(216) 696-8731 Facsimile

*Counsel for Defendant*
ASUSTeK Computer Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I electronically filed the foregoing Notice using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/Vinay V. Joshi*
Vinay V. Joshi

LAW OFFICES
# AMIN, TUROCY & WATSON, LLP
160 WEST SANTA CLARA STREET, SUITE 975
SAN JOSE, CALIFORNIA 95113

VINAY V. JOSHI
PARTNER
(P) (650) 618-6481
(F) (650) 618-6470
vjoshi@atwiplaw.com

August 13, 2020

John D. Saba Jr., Esq.
Wittliff Cutter, PLLC
1209 Nueces Street
Austin, Texas 78701
john@wittliffcutter.com

**Via Email**

Subject:   6:19-CV-00059-RWS, Lone Star Technological Innovations, LLC ("Lone Star") vs. ASUSTeK Computer Inc. ("ASUS")

Counsel:

This letter is responsive my e-mail correspondence with Mr. Bradley D. Liddle, in which he alleged that ASUS failed to comply with your ESI request of July 6, 2020 and threatened to file a motion against ASUS. I write to explain that we did not ignore your ESI request and that we will work with you to resolve any outstanding issues related to your ESI request.

As an initial matter, I note that according to the Court's E-Discovery Order (Dkt. 102), the ESI production is supplemental to other discovery rules and orders and your other discovery requests. It is well-known that ESI searching by using particular terms is a tool that facilitates speedy gathering of documents. However, document production is based on relevance and context of the patent technology. Your discovery requests use the following definition of Patented Technology: The term "Patented Technology" means technology claimed in United States Patent No. 6,724,435 (the "'435 patent") including, the ability to effectuate color changes of a selected color (*e.g.,* in a 3 or 6 axis color control) without changing the colors of the other colors <u>also capable of being selected</u> for change." *See e.g.* PLAINTIFF'S FIRST COMMON SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS dated July 31, 2020 (underlining added). You have always said that the "other colors" must be selectable colors.

However, the Court's Markman Order dated July 31, 2020 (Dkt. 105) determined that the "other colors" need not be selectable colors. Thus, your definition of "Patented Technology" is problematic and not relevant to this litigation. Importantly, the definition of "Accused Products" in your discovery requests, in turn, incorporates the term "Patent Technology." Thus, your discovery requests the ESI request supplemental to them are problematic for your side. I am sure you will agree that your ESI search terms must be read in the context of your own definition of accused products.

Next, I note that in your ESI request, you have specifically requested ESI from custodians Alvin Lin and James Lee. As you know, these gentlemen will serve as our Rule

Mr. John D. Saba
August 13, 2020
Page 2 of 2

30(b)(6) witnesses.  Mr. John Lee's letter to me and Mr. Andrew Oliver dated June 17, 2020, states: "All documents and communications concerning deposition topics in Lone Star's 30(b)(6) notice should be produced by the earlier date of July 8, 2020 or two weeks in advance of any deposition scheduled pursuant to Lone Star's 30(b)(6) Notice to ASUS."  At that time, the deposition of ASUS's Rule 30 (b)(6) witnesses was noticed for July 13, 2020.  Thus, the discovery from Alvin Lin and James Lee has always been tied to dates of their Rule 30 (b)(6) depositions.  As you know, these depositions have been postponed and parties agreed to work together to select new dates.  That has not happened so far, and ASUS and Barco's motion to extend the DCO deadlines generally is pending before the Court.

     I would also note that ASUS has been doing searching of ESI all along.  That is how we compiled for you the listing of our ODMs and scaler vendors for more than one hundred "accused products," and the sales data for all these products.  I would note that we have repeatedly asked you about status of your third-party discovery vis-à-vis our ODMs and scaler vendors.  You have always said that you would get back to us but never do.  Being kept in the dark about your third-party discovery efforts causes us to assume that you are receiving all that information that you desire for this litigation.  As you know, ASUS in combination with the ODMs and scaler vendors is equivalent to Barco because, unlike ASUS, Barco designs and manufactures its own products.

     That said, ASUS does not want a discovery motion filed against it.  We will "correct" your discovery requests and continue to search for relevant documents under the Markman Order.  I will let you know the status of the new document gathering by middle of next week.  We will produce new documents on a rolling basis as we collect them.

                Sincerely,

                Vinay V. Joshi

cc:  John Lee, Esq. (jlee@banishlaw.com)
     John Saba, Esq. (john@wittliffcutter.com)

LAW OFFICES
# AMIN, TUROCY & WATSON, LLP
160 WEST SANTA CLARA STREET, SUITE 975
SAN JOSE, CALIFORNIA  95113

VINAY V. JOSHI
PARTNER
(P) (650) 618-6481
(F) (650) 618-6470
vjoshi@atwiplaw.com

June 29, 2020

Bradley D. Liddle, Esq.
8150 N. Central Expressway
Suite 500
Dallas, Texas 75206
bliddle@carterarnett.com

**Via Email**

Subject:	6:19-CV-00059-RWS, Lone Star Technological Innovations, LLC ("Lone Star") vs. ASUSTeK Computer Inc. ("Asus")

Dear Brad:

This letter is responsive to Lone Star's letters of June 8, June 9, and June 17, and attempts to memorialize the meet-and-confer of June 25 that was attended by me, you, John Lee and Andrew Oliver.

As we noted, this past week was a holiday week in Taiwan and Mr. Oliver was on vacation for most of the preceding week with very limited ability to communicate with Asus, so our attempts to obtain answers to your inquiries have been slightly delayed.

Representative Products

As we discussed, Asus would like to know whether Lone Star is open to an agreement to treat the products identified in the Complaint (or some other reasonably-sized subset) as representative products for purposes of liability.  You indicated that you would consider this.  Please respond at your earliest convenience.

Interrogatories Nos. 12, 13, 15

As discussed, Asus declines to respond further to interrogatories nos. 12, 13, and 15.  Lone Star exceeded the number of interrogatories permitted by the discovery order.

Interrogatory No. 11

As discussed, we are attempting to determine whether Asus would like to respond further.  As noted, Lone Star has already exceeded the allowed number of interrogatories.  So, any response would be voluntary, not required.  We expect to be able to inform you about this next week.

Mr. Bradley Liddle
June 29, 2020
Page 2 of 3

### Sales Data

As discussed at the meeting, Asus will update the sales data related to the accused products.  We are awaiting our client's return from a holiday to confirm when they will provide this data, but we expect to be able to provide it next week.

### Interrogatory No. 2

As discussed, this interrogatory is related to software, not scalers.  The identification of certain scalers was not called for by the interrogatory, but Asus voluntarily went beyond the scope of the interrogatory so that Lone Star could approach those third parties if Lone Star so desired.  There was no obligation to provide this information and there is no obligation to identify further scalers, but Asus will consider your request.

### Interrogatory No. 3

As discussed, we expect to be able to inform you by the end of the week whether Asus will supplement this response.

### Interrogatories Nos. 5-6

As discussed, our understanding is that you have the names of the relevant personnel.  We will seek the additional requested information from Asus and also attempt to determine if additional personnel should be identified.  We expect to be able to inform you about this next week.

### Document Production

You mentioned concerns about whether there is an email or other written communication directing the testing that was the subject of the motion to compel.  Our understanding is that there is no such document.  However, in the interest of cooperation, we will inquire further about this.

You asked whether any documents related to the testing had been withheld on the basis of privilege.  I sent you a privilege log last week that detailed communications between outside counsel and in-house counsel.  Aside from that, we are not aware of any documents having been withheld on the basis of privilege.

### Rule 30(b)(6) Notice

We discussed the potential location for the noticed Rule 30(b)(6) deposition.  You indicated that the San Francisco area would be acceptable to you.  We will look further into the COVID-19 related travel restrictions to and from Taiwan and whether Asus personnel are able to travel to San Francisco for a deposition.

### Mediation

We discussed compliance with the mediation order.  I indicated that in-person mediation

Mr. Bradley Liddle
June 29, 2020
Page 3 of 3

would be preferred, but probably not possible yet.  You indicated that you need a date now to provide to the mediator.  Asus's corporate representative will attend the mediation remotely from Taiwan (e.g. by Zoom) because of COVID-19 related travel restrictions.  I will attend in person. In July, I am available from July 20th to July 31st.  In August, I am available from August 25th to August 31st.

      If anything in this letter appears inaccurate to you, please inform us immediately.  Please do not hesitate to contact me if you would like to discuss anything.

                    Sincerely,

                    Vinay V. Joshi

cc:  John Lee, Esq. (jlee@banishlaw.com)
     John Saba, Esq. (john@wittliffcutter.com)

**Vinay Joshi**

| | |
|---|---|
| **From:** | John Saba Jr. <john@wittliffcutter.com> |
| **Sent:** | Friday, July 31, 2020 2:50 PM |
| **To:** | Andrew Oliver |
| **Cc:** | Vinay Joshi; John Lee; Bradley D. Liddle; Minghui Yang; Edward Runyan |
| **Subject:** | RE: Lone Star v Asus - RE: Amended 30(b)(6) Depo notice (ASUS) |
| **Attachments:** | (7.31.20) 2nd ESI to ASUS.pdf |

Andrew,
a) We can work with you on dates for the 30(b)(6);
b) The bigger priority now is selecting a date to mediate in front of Judge Craven (we have two weeks) – please give us some dates;
c) Please also see attached our 2nd ESI request; and,
d) We are awaiting your proposed amended DCO dates per our last call.

Thanks,
John

**From:** Andrew Oliver <aoliver@atwiplaw.com>
**Sent:** Friday, July 31, 2020 4:36 PM
**To:** John Saba Jr. <john@wittliffcutter.com>
**Cc:** Vinay Joshi <vjoshi@atwiplaw.com>; John Lee <jlee@banishlaw.com>; Bradley D. Liddle <bliddle@carterarnett.com>; Minghui Yang <myang@carterarnett.com>; Edward Runyan <edward@neustel.com>
**Subject:** Lone Star v Asus - RE: Amended 30(b)(6) Depo notice (ASUS)

Dear John,

I do not believe that Lone Star has responded to Asus's inquiry below. As noted on July 23, the noticed deposition date of August 4 does not work.

Please advise whether Lone Star agrees to a postponement. If not, please advise whether Lone Star opposes a motion for protective order seeking a postponement.

Sincerely,
Andrew

Andrew T. Oliver
**Amin, Turocy & Watson, LLP**

1

E: aoliver@ATWiplaw.com   T: (650) 393-0634

---

**From:** Andrew Oliver
**Sent:** Thursday, July 23, 2020 12:23 AM
**To:** John Saba Jr. <john@wittliffcutter.com>
**Cc:** Vinay Joshi <vjoshi@atwiplaw.com>; John Lee <jlee@banishlaw.com>; Bradley D. Liddle <bliddle@carterarnett.com>; Minghui Yang <myang@carterarnett.com>; Edward Runyan <edward@neustel.com>
**Subject:** RE: Amended 30(b)(6) Depo notice (ASUS)

Dear John,

Further to our previous discussions with Lone Star, the noticed date of August 4 won't work for this deposition due to travel and quarantine restrictions that will be placed on counsel and/or witnesses in view of the need to prepare in person and be in the room with the witnesses being defended due to the legal and language differences faced here.  We will need to postpone the deposition to a future date.  Please advise whether Lone Star will agree to this postponement.

If not, does Lone Star oppose a motion for protective order seeking a postponement.

Sincerely,
Andrew

Andrew T. Oliver
**Amin, Turocy & Watson, LLP**

E: aoliver@ATWiplaw.com   T: (650) 393-0634

---

**From:** John Saba Jr. <john@wittliffcutter.com>
**Sent:** Tuesday, July 21, 2020 1:05 PM
**To:** Andrew Oliver <aoliver@atwiplaw.com>
**Cc:** Vinay Joshi <vjoshi@atwiplaw.com>; John Lee <jlee@banishlaw.com>; Bradley D. Liddle <bliddle@carterarnett.com>; Minghui Yang <myang@carterarnett.com>
**Subject:** Amended 30(b)(6) Depo notice (ASUS)

Andrew,
Please see attached our amended 30(b)(6) deposition notice to ASUS.  We've cleaned up and slightly narrowed some topics.

Thanks,

John

**John D. Saba**
Partner
**WITTLIFF | CUTTER**
1209 Nueces St.
Austin, Texas 78701
[john@wittliffcutter.com](mailto:john@wittliffcutter.com)
[www.wittliffcutter.com](http://www.wittliffcutter.com)
Office: 512.960.4438| Fax: 512.960.4869

CONFIDENTIAL:  The contents of this email and all attachments are intended as confidential communications protected by attorney-client privilege and/or work product privilege.  If you are not the intended recipient of this email, please immediately delete it and any attachments to it.  If you received this email in error, please contact the sender: [john@wittliffcutter.com](mailto:john@wittliffcutter.com)