IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>*Defendant.* | §§§§§§§§§§§§§ Civil Case No. 6:19-cv-00059-RWS<br><br>LEAD CASE<br><br>JURY TRIAL DEMANDED |

## JOINT FINAL PRETRIAL ORDER

This cause came before the Court at a pre-trial management conference held on May 4, 2021, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure, between Plaintiff Lone Star Technological Innovations, LLC ("Plaintiff" or "Lone Star") and Defendant ASUSTek Computer Inc. ("Defendant" or "ASUS").

**A.   COUNSEL FOR THE PARTIES**

   **1.   Plaintiff Lone Star Technological Innovations, LLC**

      Joshua J. Bennett
      jbennett@carterarnett.com
      Texas Bar No. 24059444
      Bradley D. Liddle
      bliddle@carterarnett.com
      Texas Bar No. 24074599
      Monica Litle
      mlitle@carterarnett.com
      Texas Bar No. 24102101
      CARTER ARNETT PLLC
      8150 N. Central Expy, 5th Floor
      Dallas, Texas 75206
      Telephone No. (214) 550-8188
      Facsimile No. (214) 550-8185

CARTER ARNETT PLLC
8150 N. Central Expy, 5th Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

John D. Saba, Jr.
Texas State Bar No. 24037415
WITTLIFF | CUTTER PLLC
1209 Nueces St.
Austin, Texas 78701
(512) 960-4438
john@wittliffcutter.com

John Lee (admitted to E.D. Texas)
BANIE & ISHIMOTO LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
(650) 241-2771
(650) 241-2770 (Fax)
jlee@banishlaw.com

2. **Defendant ASUSTek Computer Inc.**[1]:

Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Andrew T. Oliver (Calif. Bar No. 226098)
aoliver@atwiplaw.com
Michael C. Ting (Calif. Bar No. 247610)
mting@atwiplaw.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

Counsel for Defendant
ASUSTeK Computer Inc.

B.   STATEMENT OF JURISDICTION

This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101,

---

[1] All counsel for Defendant are admitted to practice in the Eastern District of Texas.

*et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction is not contested by any party.

**C.     NATURE OF ACTION**

This is a suit for patent infringement under 35 U.S.C. § 271. Lone Star asserts that ASUS infringes, literally or under the doctrine of equivalents, one or more claims of U.S. Patent Nos. 6,724,435 (the "'435 Patent"), Lone Star contends that ASUS infringement of the '435 Patent entitles Lone Star to damages in an amount of no less than a reasonable royalty from the time ASUS began infringing the '435 Patent, until the jury renders a verdict in this case. In addition, Lone Star contends that this case is exceptional entitling Lone Star to its costs, attorney's fees, and treble damages. Lone Star also seeks enhanced damages pursuant to 35 U.S.C. § 284 and recovery of its attorneys' fees pursuant to 35 U.S.C. § 285, as well as its costs.

ASUS denies the allegations against it. Moreover, ASUS asserts that all asserted claims of the '435 Patent (1-3, 5-6, and 13-15) are invalid under 35 U.S.C. §§101, 102, 103 and/or 112. Moreover, ASUS has filed a counter-claim seeking a declaration that it has not directly or indirectly, individually or jointly, infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '435 Patent. ASUS has also filed a counter-claim seeking a declaration that the claims of the '435 Patent are invalid and/or unenforceable pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§101, 102, 103 and/or 112. ASUS seeks recovery of its attorneys' fees pursuant to 35 U.S.C. §285, as well as its costs incurred.

**D.     CONTENTIONS OF THE PARTIES**

**(1)     Lone Star's Contentions**

By providing these contentions, Lone Star does not waive any of its motions *in limine*, and/or motions to strike which, if granted, would resolve some or all of these issues. Furthermore, Lone Star's contentions in this case are detailed, in part, in its pleadings, infringement contentions, discovery responses and deposition testimony, and the expert reports, and its motion briefing, which are all incorporated by reference herein.

1. Lone Star is the owner of the '435 Patent and possesses all rights of recovery including the exclusive right to recover for past infringement.
2. Venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division, in this case.
3. Jurisdiction is proper in this Court.
4. Lone Star contends that the '435 Patent is valid, enforceable, and infringed by ASUS.
5. Lone Star contends that ASUS infringes, literally and under the doctrine of equivalents, claims 1,2, 3, 5, 6, 13, 14, and 15 of the '435 Patent by making, using, selling, offering for sell, and/or importing into the United States the following products:

B1M, B1MR, E1, E1Z, P1, P2B, P2E, P3B, P3E, S1, C422AQ, C423AQ, C620AQ, C622AQ, C622AQH, C623AQH, C623AQR, C624AQ, C624AQH, C624BQ, C624BQH, MB168B, MB168B+, MB169B+, MB169C+, MB16AC, MB16AP, MG248Q, MG248QR, MG24UQ, MG278Q, MG279Q, MG28UQ, MK241H, ML228H, ML238H, ML239H, ML248H, ML249H, MM17D, MM17TG-B, MS226H, MS227N, MS228H, MS236H, MS238H, MS246H, MS248H, MT276HE, MW201U, MX239H, MX259H, MX25AQ, MX279H, MX27AQ,MX27UC, MX27UQ, MX299Q, MX32VQ, MX34VQ, MZ279HL, MZ27AQ, MZ27AQL, PA238Q PA238QR, PA246Q, PA248Q, PA249Q, PA24AC,PA279Q, PA27AC,PA328Q, PA329Q, PA32UC, PB238Q, PB238TR, PB258Q, PB277Q, PB278Q, PB278QR, PB279Q, PB287Q, PB298Q, PB328Q, PG191, PG248Q, PG258Q, PG278Q, PG278QR, PG279Q, PG279QZ, PG27AQ, PG27UQ, PG27VQ, PG348Q, PQ321Q, PT201Q, PW201, VA249HE, VA279HAEL, VA325H, VA326H, VA327H, VA32AQ, VB171T, VB175T, VB175T-TAA, VB178T, VB195T, VB198T-P, VB199T-P, VC239H, VC279H, VE198D, VE198N, VE198T, VE198TL, VE205N,VE205T, VE208N, VE208T, VE228D, VE228H, VE245H,VE246H,VE247H, VE248H, VE248HL-TAA, VE248Q, VE249H, VE258Q, VE276Q, VE278H, VE278Q, VE278Q-B, VG236H, VG236HE, VG23AH, VG245H, VG245HE, VG248QE, VG248QZ, VG258Q, VG275Q, VG278H, VG278HE, VG278HV, VG278Q, VG279Q, VG27AH, VH162DE, VH192D, VH196T, VH196T-P, VH197D, VH198T, VH202T, VH202T-P, VH222H, VH222H-P, VH226H, VH232H, VH236H, VH238H, VH242H, VK222H, VK228H, VK228H-CSM, VK246H, VK248H-CSM, VK266H, VK278Q, VN247H-B, VN247H-P, VN248H-P, VN248Q-P, VN279Q, VN279QL, VN289H, VN289Q, VN289QL, VN289QR, VP228H, VP228HE, VP228QG, VP239H-P, VP247H-P, VP247QG, VP248QG, VP248QGL, VP249H, VP278H-P, VP278QG, VP278QGL, VP278Q-P, VP279Q-P, VP28UQG, VS197DE,

VS197D-P,VS197T-P, VS198D, VS198D-P, VS207D-P, VS207T-P, VS208N-P, VS208NR-B, VS228H-P, VS228NL-P, VS228T-P, VS229H-P, VS238H-B, VS238H-P, VS239H-P, VS247H-P, VS248H-P, VS24AH-P, VS24AH-TAA, VS278Q, VS278Q-P, VT168H, VT207N, VW192T, VW192T+, VW193DR, VW193TR, VW195N, VW195T-P, VW196T-P(M&A), VW199T-P, VW221D, VW221S, VW222U, VW223B, VW223, VW224T, VW224U, VW226TL-TAA, VW226T-TAA, VW228TLB, VW22AT-CSM, VW246H, VW248TLB, VW266H, VX228H, VX229H, VX238H, VX238H-W, VX248H, VX24AH, VX279Q, VZ229H, VZ239H, VZ239H-W, VZ249H, VZ249HE, VZ279H, VZ279HE, VZ27AQ, XG248Q, XG258Q, XG27VQ, XG32VQ, XG35VQ ("the '435 Accused Products").

6. Lone Star contends for the purposes of infringement or non-infringement in this case, the Court should treat the following products as representative of all of the '435 Accused Products for the '435 Patent and proof of infringement or non- infringement about the following '435 Accused Products shall be treated as proof regarding all of the '435 Accused Products for the '435 Patent:
   a. PA328Q, VG248QE

7. Lone Star contends, based on the sales information ASUS provided through the first quarter of 2020, that a reasonable royalty for past infringement of the '435 Patent would be at least $1,584,494 through trial, and at least an additional $1,265,058 for future infringement.

8. Should ASUS provide additional updated sales information, further updates would be expected in advance of trial. Lone Star would revise its reasonable royalty figures to reflect such updates.

9. Lone Star contends that ASUS cannot prove by the appropriate burden any of its affirmative defenses.

10. Lone Star contends it is entitled to prejudgment interest.

11. Lone Star contends it is entitled to enhanced damages.

12. Lone Star contends that this is an exceptional case warranting an award of attorneys' fees.

13. Lone Star contends that it, and all its predecessors in interest, have complied with 35 U.S.C. § 287 as asserted in this case.

14. Lone Star denies ASUS defenses that the '435 Patent is invalid, and not infringed by ASUS.

15. Lone Star denies that ASUS is entitled to its costs, a declaration that this case is

exceptional, or its attorneys' fees.

### (2) ASUS's Contentions

By providing these contentions, ASUS does not waive any of its motions *in limine* which, if granted, would resolve some or all of these issues. Furthermore, ASUS's contentions in this case are detailed, in part, in its pleadings, infringement contentions, discovery responses and deposition testimony, and the expert reports, and its motion briefing, which are all incorporated by reference herein.

1. ASUS contends that it is entitled to a declaration that none of its Accused Products infringe any claim of the '435 Patent.
2. ASUS denies that any of its Accused Products infringe, literally or under the doctrine of equivalents, any of claims 1-3, 5-6, and 13-15 of the '435 Patent.
3. ASUS contends that Lone Star cannot meet its burden of proof to show direct or indirect infringement for any of claims 1-3, 5-6 and 13-15 of the '435 Patent.
4. ASUS contends that the only two products at issue in this case are the VG248QE and PA328Q products.
5. ASUS contends that neither the VG248QE nor the PA328Q are representative of any other ASUS products.
6. ASUS denies that Lone Star is entitled to any damages from ASUS.
7. ASUS denies that Lone Star is entitled to any enhanced damages.
8. ASUS denies that Lone Star is entitled to any prejudgment interest.
9. ASUS denies that Lone Star is entitled to an award of attorney's fees.
10. ASUS contends that it is entitled to a declaration that each of the asserted claims of the '435 Patent are invalid.
11. ASUS contends that each of claims 1-3, 5-6 and 13-15 of the '435 Patent are anticipated and/or rendered obvious by U.S. Patent No. 5,850,471 ("Brett").
12. ASUS contends that each of claims 1-3, 5-6 and 13-15 of the '435 Patent are invalid based on obviousness type double patenting as to U.S. Patent No. 6,122,012.
13. ASUS contends that each of claims 1-3, 5-6 and 13-15 of the '435 Patent are invalid based on indefiniteness.

14. ASUS contends that each of claims 1-3, 5-6 and 13-15 of the '435 Patent are invalid based on inoperability, lack of utility and lack of enablement.
15. ASUS contends that this case is an exceptional case warranting an award of attorney's fees to ASUS.

E. **STIPULATIONS AND UNCONTESTED FACTS**

**Uncontested Facts**

1. Lone Star filed its Original Complaint in this action on February 20, 2019.
2. LSTI is a Texas Limited Liability Company with a registered place of business at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.3. LSTI is a wholly-owned subsidiary of LSTI Holdings, Ltd.
3. ASUSTeK Computer Inc. is a Taiwanese company with its principal place of business at No. 15, Li-Te Rd., Peitou, Taipei, Taiwan, R.O.C.
4. Asus Computer International is the parent company of ASUSTeK Computer Inc. with a principal place of business at 48720 Kato Rd., Fremont, CA 94538.
5. The '435 Patent was issued by the United States Patent and Trademark Office ("USPTO") on April 20, 2004 and is entitled "Method For Independently Controlling Hue or Saturation of Individual Colors in a Real Time Digital Video Image."
6. The '435 Patent has a priority date no earlier than August 6, 2001.

F. **CONTESTED ISSUES OF FACT AND LAW**

The parties identify the following issues of fact that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The parties do not waive any of their pending or anticipated motions. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

**Lone Star's Statement of Contested Issues of Fact and Law**

1. Whether ASUS has infringed the asserted claims of the '435 Patent.

2. Whether Lone Star is entitled to damages to compensate for ASUS's infringement of the '435, and (if so) the amount of such damages.

3. When ASUS had notice of its infringement of the '435 Patent.

4. Whether Lone Star is entitled to enhanced damages, and (if so) the amount of such damages.

6. Whether Lone Star is entitled to costs, and (if so) the amount of such costs.

7. Whether Lone Star is entitled to pre-judgment and post-judgment interest, and (if so) the dollar amount of pre-judgment and post-judgment interest.

8. Whether Lone Star is entitled to a payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments.

**ASUS's Statement of Contested Issues of Fact and Law**

1. Whether ASUS has infringed the asserted claims of the '435 Patent.

2. Whether the claims of the '435 Patent are valid and enforceable.

3. Whether ASUS had notice of allegations of infringement of the '435 Patent.

4. Whether Lone Star is entitled to any damages for alleged infringement by ASUS.

G.  **LIST OF WITNESSES**

  1. Lone Star Witness List and Rebuttal Witness List are appended hereto as **Exhibit A**
  2. Lone Star list of deposition designations are appended hereto as **Exhibit B**.
  3. ASUS's Witness List and Rebuttal Witness List are appended hereto as **Exhibit C.**
  4. ASUS's objections and counter designations to Lone Star's list of deposition designations is appended hereto as **Exhibit D.**

H.  **LIST OF EXHIBITS**

  1. Lone Star's Exhibit List is appended hereto as **Exhibit E**.
  2. ASUS's Exhibit List is appended hereto as **Exhibit F.**

**I. JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

1. The Parties submit their Joint Proposed Jury Instructions appended hereto as **Exhibit G**.

2. Lone Star's proposed Jury Verdict Form is appended hereto as **Exhibit H**.

3. ASUS's proposed Jury Verdict Form is appended hereto as **Exhibit I**.

**J. LIST OF ANY PENDING MOTIONS**

Pending Motions

| Dkt. No. | Date | Title |
|---|---|---|
| 128 | 2020-09-15 | Lone Star's Motion to Strike Supplemental Invalidity Contentions and Related Portions of Expert Opinion of Prof. Robert Louis Stevenson |
| 169 | 2021-03-22 | Lone Star's Motion to Compel |
| 175 | 2021-04-09 | ASUS's Motion to Authorize Videoconference Testimony |
| 178 | 2021-04-20 | Lone Star's Opposed Motions *in Limine* |
| 179 | 2021-04-20 | ASUS's Opposed Motions *in Limine* |

**K. PROBABLE LENGTH OF TRIAL**

The probable length of trial is 4 days. The parties request 14 hours per side for direct, cross, and rebuttal examination. The parties further request 45 minutes per side for *voir dire*. The parties request 45 minutes per side for opening statements and 60 minutes per side for closing arguments.

**L. MANAGEMENT CONFERENCE LIMITATIONS**

The pre-trial management conference is set for May 4, 2021.

**M. TRIAL MANAGEMENT PROCEDURES**

1. If a party no longer expects to call a witness identified on the "will call" list, or if a party expects to call live a witness on the "may call" or "may, but probably will not call" witness list, that party shall provide the other side notice of the change as soon as possible, but in no event shall notice of the change be provided less than 2 calendar

    days before the witness may be called.

2. A party shall identify the witnesses it intends to call to testify, whether it intends to do so in person or by deposition, and the order in which they are to be called, by 6:30 p.m. Central Time two calendar days before they are to be called (*e.g.*, witnesses for Monday morning will be disclosed on Saturday evening).

3. A party shall provide demonstrative exhibits to be used in connection with direct examination, including non-documentary demonstratives or live product demonstration, by 6:30 p.m. Central Time the calendar day before their intended use (*e.g.*, exhibits for Monday morning will be disclosed on Sunday evening). Any objections will be provided no later than 8:30 p.m. Central Time that same day, and the parties shall promptly meet and confer by 9:00 p.m. Central Time on any such objections. If parties cannot resolve objections, they will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by 7:00 am the following day.

4. A party shall identify trial exhibits to be used in connection with direct examination by noon Central Time the calendar day before their intended use (*e.g.*, exhibits for Monday morning will be disclosed at noon on Sunday). Any objections will be provided no later than 6:30 p.m. Central Time that same day, and the parties shall promptly meet and confer by 9:00 p.m. Central Time on any such objections. If parties cannot resolve objections, the objecting party will submit the issue to the Court by 10:00 pm that same day, with responsive submissions to the Court by 7:00 am the following day.

5. The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence. Each party reserves the right to add additional exhibits to its exhibit list, for good cause shown, by agreement of the parties, or as ordered by the Court. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

6. Subject to other provisions of this Order, no party may offer as evidence an exhibit not present on its exhibit list absent court order or agreement of the parties, except for purposes of impeachment or rehabilitation, if otherwise competent for such purposes.

7. If a party provides a binder of exhibits to a witness prior to examination, the party

will provide one copy to the other party.

8. The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above. For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format. Demonstratives will not be used by an opposing party prior to being used by the disclosing party.

9. The parties agree that there is no exchange of demonstratives to be used for cross or redirect of witnesses.

10. The parties agree that notice of a party's intended use of enlargements of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, *etc*. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and such ballooning, excerption, highlighting, *etc*., accurately reflects the content of the exhibit The parties further agree that the above notice provisions concerning demonstrative exhibits do not apply to demonstrative exhibits created in the courtroom during live testimony or that were previously shown to the jury, or that are ballooning excerption, highlighting, etc. of witness testimony, attorney statements, or attorney argument generated during the trial before the jury.

11. The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not admitted at the time of use. To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced.

12. Upon the end of all parties' presentation of evidence, the parties will make available to the jury copies of all exhibits in evidence, but not any demonstrative exhibits, unless admitted into evidence.

13. With respect to witnesses who may be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they may read

or play back during the respective parties' case-in-chief. New materials may not be added without good cause or the other party's agreement. All irrelevant and redundant material such as objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial to the extent feasible.

14. Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

15. The parties may offer some or all of the designated deposition testimony at trial. A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

16. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise admissible for such purpose.

17. In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

18. If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played together in chronological order. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

19. The parties agree to exchange lists of "Admitted Exhibits" by 10:00 p.m. the night before the lists are to be submitted to the Court.

20. Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

N. **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

**(1)** Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

**(2)** Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

**(3)** Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) will be disclosed and shown to opposing counsel pursuant to the exhibit lists exchanged by the parties on May 14, 2021, per agreement between the parties.

Approved as to form and substance:

Attorneys for Plaintiff:    /s/ John D. Saba

Attorneys for Defendant:    /s/ Vinay V. Joshi