# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC., <br><br> Defendant. | Civil Action No. 6:19-CV-00059-RWS <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT ASUSTEK COMPUTER INC.'S
## BRIEF OPPOSING ADMISSION OF PLAINTIFF'S EXHIBITS P26-1 THROUGH P26-139

It is not possible to raise objections to unidentified exhibits. Exhibits P26-1 through P26-139 were not identified as trial exhibits by Lone Star in the exhibit list that was served on ASUS and also filed with the Court as part of the pre-trial order. *See,* Dkt. 186-5. Lone Star, during the lead-up to the pre-trial conference, never represented Exhibit 26 as anything more than how it was described on its original exhibit list, a "Voluminous Summary of Accused Products, infringement contentions and supporting documentation." *Id.* at p. 3.

So, ASUS could not have made is objection to the present P-26 even if it wanted to. At the time of the pre-trial document, P-26 was an attorney-generated summary document that was attached as Attachment A to Lone Star's exhibit list. Parties had reserved time at the end of the pre-trial conference for miscellaneous issues. At that time Lone Star objected to ASUS's physical exhibits and ASUS objected to P-26. Lone Star is not being forthcoming with the Court when it argues that it did not make evidentiary objections at the pre-trial hearing.

It is unclear what motives Lone Star had in not originally identifying exhibits P26-1 through P26-139 on its exhibit list. It certainly could not have been an oversight, as these constitute 139 exhibits. It could have been that Lone Star originally intended to try to backdoor every document identified in exhibit 26 into the record, to circumvent the Court's 250 exhibit per-side limit. Regardless, the simple fact is that exhibits P26-1 through P26-139 were not specifically identified by Lone Star until Friday, May 14, 2021.

Regarding representative products, in this case, there is no agreement between parties about representative products. Thus, Lone Star's reliance on *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290 (Fed. Cir. 2008) is misplaced. *See id.* at 1308 ("EchoStar's own expert, Dr. V. Thomas Rhyne, also discussed the various models of EchoStar DVRs collectively and made no relevant distinction among them with respect to this limitation.") Lone Star's expert dedicates most of his infringement

report to only product, namely ASUS's PA328Q product. This product accounts for less than one percent of ASUS's sales in the United States and is not technologically representative of most of the other one hundred and thirty-eight products.

All the documents contained in P-26 are hearsay as Lone Star wants to use them to prove the truth of the matter asserted, namely inducement. Lone Star's reliance on *Express Homebuyers USA, LLC v. WBH Mktg. Inc.*, 323 F. Supp. 3d 784, (E.D. Va. 2018) is misplaced. There the court made is clear that it was rejecting the hearsay objection only because the evidence was not being offered for the truth of the matter asserted. *Id.* at f.n.3 ("The Internet evidence is not being offered for the truth of the matter asserted, namely that the companies advertising home-buying services in fact buy houses.") A similar ruling was made in *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317 (S.D.N.Y. 2010), which is also cited in Lone Star's brief. *Id.* at 323 ("In regard to Plaintiff's hearsay objection, the personnel documents, including the performance reviews, complaints, and the accompanying hand-written notes, are not hearsay because they are not being offered to prove the truth of what they assert.") Lone star tries to rely on *John Paul Mitchell Sys. v. Quality King Distrib., Inc.*, 106 F. Supp. 2d 462 (S.D.N.Y. 2000), but that reliance is also misplaced. There the defendant had objected to documents produced by its own custodian of records, Mr. Robert Seibel. *Id.* at 473 ("The trustworthiness of these documents is established by their appearance and the fact that they were produced by Robert Seibel against his interests in the litigation.")

Lone Star is incorrect when it asserts that ASUS has no evidence indicating any of the ASUS manuals that Lone Star proffers lack indicia of trustworthiness. Many documents mentioned in the P-26 summary document that were on Lone Star's exhibit list at the time of the pre-trial conference were obtained from third-party websites. An example list is attached herewith as Exhibit 1. Lone Star is also incorrect that Dr. Ducharme can fill the authentication gap because he is an expert in the

field. If that were true, then that would erase the authentication requirement from patent cases generally. Indeed, Lone Star filed a motion in limine to exclude all non-patent literature from this case that was not certified.

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, Ltd., 454 F. Supp. 2d 966 (C.D. Cal. 2006) is inapposite because the documents at issue are not statements of a particular agent or employee of ASUS. That case concerned emails by an agent or employee. Finally, Lone Star makes an untenable argument that ASUS's manuals are not hearsay because they are instructions and thus not hearsay as a matter of law because they are not submitted for the truth of the matter, but then simultaneous admits that it wants to use these manuals to prove inducement (e.g. truth of the matter asserted).

Exhibits P26-1 through P26-139 cannot be admitted prior to Lone Star establishing that these documents are admissible. Recognizing this, Lone Star asks this Court for an evidentiary hearing and outside Lone Star's allotted 12 hours of trial time to "use the testimony of its expert, Dr. Ducharme, or ASUS witnesses, such as Mr. Lin or Mr. Lee, to establish any required predicates outside the jury's presence." Dkt. 205 at 8. First, Lone Star does not explain how Dr. Ducharme could possibly establish the admissibility of these exhibits. All Lone Star says is that the documents "are within Dr. Ducharme's field", but that is not enough for authentication. Second, Lone Star has already deposed both Mr. Alvin Lin and Mr. James Lee, despite having had these documents ready well-before their depositions. In fact, Lone Star even admits that "ASUS designated those two employees as its corporate representatives to testify about related issues". *Id.* Given Lone Star's reliance on waiver, which again, is not possible as these exhibits were not identified until after the pre-trial conference, it is somewhat ironic that it is Lone Star that has waived its opportunity to have an "evidentiary hearing" to authenticate documents it could have tried to authenticate during fact discovery. To the extent Lone Star would like to use Mr. Lin or Mr. Lee to establish a foundation from which Lone Star can admit these exhibits, it is well entitled to do so, but, it will need to do so

4

in the context of the trial and the 12 hours Lone Star has been allotted.

Dated: May 16, 2021                             Respectfully submitted,

                                              By:     */s/ Vinay V. Joshi*
                                                         Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Andrew T. Oliver (Calif. Bar No. 226098)
aoliver@atwiplaw.com
Michael C. Ting (Calif. Bar No. 2476100)
mting@atwiplaw.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

Counsel for Defendant
ASUSTeK Computer Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.



/s/ Michael Ting
**Michael Ting**