# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:19-cv-00059-RWS |
| ASUSTEK COMPUTER, INC. | § § § | |
| Defendant. | § § | |

## LONE STAR TECHNOLOGICAL INNOVATIONS, LLC'S RESPONSE TO ASUSTEK COMPUTER, INC.'S OBJECTIONS TO PLAINTIFF'S EXHIBITS FOR EXAMINATION OF JAIME MORQUECHO

Plaintiff Lone Star Technological Innovations, LLC ("Lone Star") responds to the objections of Defendant ASUSTek Computer, Inc. ("ASUS") to the exhibits Lone Star intends to use during its examination of witness Jaime Morquecho, as follows:

On May 24, 2022, ASUS produced Jaime Morquecho as its Rule 30(b)(6) witness to testify regarding the topics specified in Lone Star's Rule 30(b)(6) deposition notice, which included topics regarding sales and revenue generated by the infringing products and regarding ASUS's efforts, if any, to design around or otherwise avoid infringement of the '435 patent. Morquecho will appear live to testify at trial.

ASUS had an obligation to prepare Morquecho to answer fully, completely, and unevasively regarding the designated deposition topics. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). ASUS was required to prepare Morquecho to the extent matters are reasonably available, whether from documents, past employees, or other sources. *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, Nos. 4:12-cv-543 & 4:12-cv-461, 2016 WL 2997120 at *9 (E.D. Tex. May 24, 2016). As a Rule 30(b)(6) representative, Morquecho presented ASUS's position on

the topics and his answers are binding on ASUS. *Brazos River*, 469 F.3d at 433; *Fisher*, 2016 WL 2997120 at *9.

The Fifth Circuit dealt with the subject of a 30(b)(6) representative being called as a witness at trial by the adverse party in *Brazos River* and it is worth quoting the court at length:

> Although there is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition, if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge. This conclusion rests on the consideration that though Federal Rule of Civil procedure 32(a)(2) 'permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial,' district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error. Thus, if a rule 30(b)(6) witness is made available at trial, he should be allowed to testify as to matters within corporate knowledge to which he testified in deposition.

469 F.3d at 434 (cleaned up). The district court in *Brazos River* had improperly restricted the plaintiff's ability to question a defendant's witness in that case based on a misunderstanding of Rule 30(b)(6). The plaintiff had deposed one defendant's employee, Grigsby, as that defendant's corporate representative whom that defendant then made available for questioning at trial. 469 F.3d at 432. During that prior deposition, the plaintiff had obtained testimony from Grigsby about various issues, including issues related to a second defendant (Ionic). *Id.* But when the plaintiff tried to elicit Grigsby's testimony at trial, the district court forbade it, citing Rule 602's personal knowledge requirement. *Id.* The Fifth Circuit held that limitation was in error. *Id.* at 433.

By contrast, the Fifth Circuit held in *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010), that permitting the plaintiff to have its corporate representative testify to matters that were hearsay and not within his personal knowledge was error (although harmless error). The court explained:

> Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree. Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial.

*Id.* (emphasis in original). Contrary to ASUS's suggestion, the Fifth Circuit in *Union Pump* did not limit or distinguish the holding in *Brazos River*. This case falls squarely within the holding in *Brazos River* and Morquecho should not be permitted to refuse to testify to the subjects about which he testified at his deposition. Accordingly, Lone Star requests that the Court overrule ASUS's objections.

Respectfully submitted, this 26th day of June 2022.

       */s/ J. Robert Arnett II*
       J. Robert Arnett II
       Texas Bar No. 01332900
       barnett@carterarnett.com
       Joshua J. Bennett
       Texas Bar No. 24059444
       jbennett@carterarnett.com
       Bradley D. Liddle
       Texas Bar No. 24074599
       bliddle@carterarnett.com
       Monica Litle Goff
       mgoff@carterarnett.com
       Texas Bar No. 24102101
       **CARTER ARNETT PLLC**
       8150 N. Central Expressway, Suite 500
       Dallas, Texas 75206
       Telephone: No.: (214) 550-8188
       Facsimile No.: (214) 550-8185

       John D. Saba, Jr.
       Texas Bar Number 24037415
       **WITTLIFF CUTTER PLLC**
       1209 Nueces St.
       Austin, Texas 78701
       Telephone: (512) 960-4865
       Facsimile: (512) 960-4689
       john@witliffcutter.com

        John Lee (admitted to E.D. Texas)
**BANIE & ISHIMOTO LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: (650) 241-2771
Facsimile: (650)-241-2770

**ATTORNEYS FOR PLAINTIFF**