IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASUSTEK COMPUTER INC.,<br><br>　　　　Defendant. | Civil Action No. 6:19-CV-00059-RWS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ASUSTEK COMPUTER INC.'S OPPOSITION TO LONE STAR'S RENEWED JMOL MOTION (DKT. 367)**

Lone Star's renewed JMOL motion is flawed for at least two significant reasons and should be denied. One, Lone Star didn't carry its burden by showing evidence of willful infringement. For example, Lone Star showed no evidence of industry standards and no evidence of hiding of infringement by ASUS. Two, ASUS affirmatively showed evidence of no subjective intent to willfully infringe. Either reason is sufficient to deny JMOL, but together, they mandate denial of Lone Star's motion.

**I.      Legal Standard**

The Legal Standard for evaluating JMOL motions is well known to this Court. ASUS respectfully incorporates by reference the section titled "Legal Standard A. Judgment as a Matter of Law" from the Court's previous JMOL Order in this case (Dkt. 268). In particular, that order states:

> Under Fifth Circuit law, a court is to be "especially deferential" to a jury's verdict and must not reverse the jury's findings unless they are not supported by substantial evidence. Baisden v. I'm Ready Prods., Inc., 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Threlkeld v. Total Petroleum, Inc., 211 F.3d 887, 891 (5th Cir. 2000). The Court will "uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary." Cousin v. Trans Union Corp., 246 F.3d 359, 366 (5th Cir. 2001); see also Int'l Ins. Co. v. RSR Corp., 426 F.3d 281, 296 (5th Cir. 2005).

*Id.* at pp. 3-4.

Regarding willful infringement, the jury was instructed to consider the following facts:

(1) Whether or not ASUS acted consistently with the standards of behavior for its industry.

(3) Whether or not ASUS tried to cover up its infringement.

Dkt. 352 at 14.[1]

---

[1] Lone Star did not object to these jury instructions. Indeed, it was Lone Star that proposed them in the first place.

The test for willful infringement is a subjective one and the accused willful infringer's behavior must be compared with standards of behavior of its industry. *Hoechst Celanese Corp. v. BP Chems. Ltd.,* 78 F.3d 1575, 1583 (Fed. Cir. 1996) ("The issue of 'willful' infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the same circumstances"). *See also Sherwin-Williams Co. v. Ppg Indus.,* No. 2:17-cv-01023-JFC, 2021 U.S. Dist. LEXIS 230994 *39 (W.D. Pa. Oct. 21, 2021) ("It is unclear to the Special Master whether there are 'industry standards of behavior for its industry' and if so, from whence they come? It is also unclear as to what the nature of the 'behavior' is. Such would seem to come, if they exist for some specific type of 'behavior', both from factual testimony on the nature or character of the standards, and whether they come from treatises, industry publications, research or some other source. Further, it would seem that expert opinion would be necessary to seek to establish compliance with or the meeting with such standards.").

## II.     Lone Star Failed to Carry Its Burden by Showing Evidence of Willful Infringement

Lone Star did not object to the Court's jury instructions regarding willful infringement. Indeed, Lone Star opposed an additional instruction that was proposed by ASUS about willful infringement and the Court adopted Lone Star's proposed instruction. Trial Tr. 561:7-16.

One of the jury instructions on willful infringement asked the jury to consider the following fact: "1) Whether or not ASUS acted consistently with the standards of behavior for its industry." Dkt. 352 at 14. However, Lone Star provided no evidence of standards of behavior for ASUS's industry or that ASUS behaved inconsistently with that standard: Lone Star did not provide any fact or expert testimony on this factor. ASUS's counsel pointed that out during his closing argument. Trial Tr. at 682:13-13 ("Did ASUS act consistently with the standards of behavior in its industry? Now, there wasn't any evidence from Lone Star that ASUS acted inconsistency – inconsistently.") The Parties do not disagree that the damages awarded by the first jury were a one-time lump-sum

assessment for life of the patent and covered both past and future infringement. Moreover, the Court had not yet entered final judgment on the issues of liability and damages.[2]

The question was what is the standard of behavior in ASUS's industry under these circumstances? Is the standard to remove the infringing features while the JMOL motions are pending? Or, is the standard to keep them while the jury verdict loser challenges the jury verdict with JMOL motions? Lone Star never bothered to answer these questions. It cannot not turn around and contend that this instruction is not relevant. If Lone Star believes that this instruction is irrelevant, then Lone Star should have objected to it instead of proposing it. Indeed, Lone Star had the burden of proof and failed to provide the jury any evidence regarding this factor. This alone is enough to sustain the jury verdict, because the jury could have weighted this factor heavily along with the absence of evidence. On that basis alone, the jury could have decided that Lone Star failed to carry its burden. *See* ECF No. 268 pp. 3-4 ("The Court will 'uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary.' Cousin v. Trans Union Corp., 246 F.3d 359, 366 (5th Cir. 2001)").

In another jury instruction, the jury was asked to consider the following factor: "(3) Whether or not ASUS tried to cover up its infringement." Dkt. 352 at 14. At trial, Lone Star spent much time explaining that ASUS did not stop advertising the infringing features after the first trial. For example:

---

[2] In the case law relied upon by Lone Star in its briefing, courts had already entered judgment. Dkt. 367 at 3-4 (emphasis added) ("And this Court holds that absent unusual circumstances that are not before this Court, a defendant is acting in the face of an unjustifiable high risk of harm if it continues to infringe in light of a **jury verdict and judgment** of infringement.") *Id.* (("Following a **jury verdict and entry of judgment** of infringement and no invalidity, a defendant's continued infringement will be willful absent very unusual circumstances.") *Id.* ("[B]ecause U.S. Bank is an **adjudged** infringer, infringement going forward would likely be willful.") *Id.* ("[defendant] is now an **adjudged** infringer and [defendant's] continued infringement is both voluntary and intentional, making [defendant's] continued infringement willful.")

4

>Q. (By Mr. Arnett) Mr. Morquecho, do you recognize this as a -- as a web page or a frequently asked question page from the ASUS support web page?
>A. Yes, sir.
>***
>Q. So it continues to promote the use of the feature that enables users to infringe, correct?
>A. The article is still online, yes.

Trial Tr. at 365:5 -366:22.  Again, just like the factor discussed above, Lone Star had the burden of proof and failed to provide the jury any evidence regarding the third factor.  Again (without repeating the arguments in the preceding paragraph), this alone is enough to sustain the jury verdict, because the jury could have weighted this factor heavily along with the absence of evidence.

Thus, much evidence was presented to the jury that ASUS <u>did not</u> try to cover up its infringement.  Lone Star is the one that proposed this jury instruction and now cannot claim that it is irrelevant.  The jury could have decided that Lone Star failed to prove willful infringement on this factor alone if the jury felt that the evidence strongly showed no coverup.

Notable, Lone Star also failed to provide any direct evidence of direct infringement after the prior jury verdict date (i.e., May 21, 2022).  It bears noting that ASUS's products are not infringing products.  ASUS was only found to have induced infringement.  It is also bears noting that, at the previous trial, Lone Star proved direct infringement only by ASUS's customers, and not by ASUS; that too by circumstantial evidence alone.  Dkt. 268 Order at 11 ("Lone Star also notes that it may "prove the intent element of induced infringement through circumstantial evidence, just as with direct infringement.").  Lone Star has not argued that the same circumstantial evidence can serve as evidence of direct infringement for willful infringement purposes post-verdict.  And because the new trial was only for damages, it is unclear how Lone Star hopes to argue that it proved post-verdict, direct infringement – even if limited to circumstantial evidence regarding damages.  Without direct infringement by users, there can be no willful infringement.  The fact that ASUS did not change its conduct after the first jury trial is not  unto itself evidence of inducement of direct

infringement in the United States post-verdict.  Lone Star did not make any showing that any user downloaded the inducing manual, viewed the inducing website, or performed the infringing method within the United States after the original jury verdict.  Nor did Lone Star present any evidence that ASUS tried to cover up infringement.  Indeed, the evidence showed just the opposite –that ASUS did not hide anything from anyone.

Because Lone Star failed to provide the jury with evidence regarding two of the three factors that the jury was asked to consider (and, indeed, proved the opposite of the cover-up factor), the jury had substantial facts to establish the absence of two factors and could reasonably have found that either factor or the combination of two factors was controlling and required a finding of no willful infringement.  Nothing about the verdict was unreasonable, illogical, or unsupported.

### III.     ASUS Affirmatively Showed Evidence of No Subjective Intent

Moreover, in addition to Lone Star's failure to meet its burden of proof regarding willful infringement, Asus presented the jury with evidence showing Asus's mental state and the fact that Asus did not believe that it was infringing.  Lone Star's motion makes a major error in its failure to acknowledge the following potent testimony from ASUS's witness James Lee:

> Q. And you don't know if you -- you don't -- you don't have authorization to use Lone Star's technology, correct?
> A. So my understanding is that we just need to pay a lump sum to compensate Lone Star and to cover our sales both before and after until the end.

Trial Tr. 513:5-9.  Asus's state of mind was that the prior trial adjudicated infringement until the end of the patent term, and that all that was remaining was a dispute over how much was to be paid.

This testimony alone gave the jury substantive evidence to determine that ASUS is – subjectively – not a willful infringer.

Mr. Lee is a senior executive at ASUS.  He is the Division Director the monitor division of ASUS.  Trial Tr. 505:1-8.  Monitors are the accused products in this case.  Mr. Lee testified that in his position, he can authorize and recommend product changes to ASUS's monitors.  *Id.* at lines 7-

6

17. However, he decided not to make any changes after the jury issued its verdict on May 21, 2021. *Id.* at 505:25-506:3. Mr. Lee testified that the jury verdict was surprisingly large. *Id.* 506:4-8. The Court agreed with Mr. Lee; thus, the Court ordered a new trial on damages. Importantly, the jury knew that a previous jury had awarded damages against ASUS, based on many things, including attorney arguments, testimony by multiple witnesses, Mr. Lee's testimony, and because the jury was shown the redacted jury verdict form from the first trial (DX-181). Although the damages amount on DX-181 was redacted, the jury would have readily inferred that the Court had vacated the first damages award. DX-181 was shown to and discussed with Mr. Lee. Trial Tr. at 506:12-23. The jury saw that DX-181 included the following question: "What sum of money, if paid now, do you find by a preponderance of the evidence would fairly and reasonably compensate Lone Star for ASUS s infringement of the '435 Patent as one time, lump-sum payment?"

From these facts, the jury had substantial evidence to conclude that ASUS was not a willful infringer because Mr. Lee reasonably believed that the large award that was assessed against ASUS as a one-time lump-sum payment was for both past and future infringement. The jury also would have readily inferred from DX-181 that Lone Star did not allege willful infringement at the first trial, and from that inference could have reasonably believed that ASUS is a good faith actor that did not deliberately infringe Lone Star's patent.

Mr. Lee also testified that in addition to the jury verdict form, he was also shown the jury instructions that were given to the first jury. Trial Tr. at 506:24-25. The table below illustrates that the same "past and future" language was included to describe a "lump sum" payment in the jury instructions at both the first trial and the second trial.

| | |
|---|---|
| A one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covers all sales of the licensed product, both <u>past and future</u>. When a one-time lump sum is paid, the infringer pays a single price for a license covering both <u>past and future</u> infringing sales.<br><br>Dkt. 227, section 8.7 (1st trial). Emphasis added. | A lump sum payment is equal to an amount that the alleged infringer would have paid at the time of a hypothetical negotiation for a license covering all sales of the licensed product, <u>both past and future</u>. When a lump sum is paid, the infringer pays a single price for a license covering both <u>past and future</u> infringement.<br><br>Dkt. 352, section 5.7 (2nd trial). Emphasis added. |

In closing, counsel for ASUS strongly suggested to the jury that the jury instructions that Mr. Lee was shown included the past and future language. Trial Tr. at 680:21-683:10. There was no objection from Lone Star. The jury had substantial evidence proving that ASUS is not a willful infringer based on the instructions by themselves, and/or in combination with Mr. Lee's testimony that they informed his decision not to make any product changes.[3]

Lone Star's efforts to differentiate an assessed damages award from a paid damages award, for purposes of willful infringement, is without merit. Lone Star does not cite any case in support of this differentiation. Importantly, if Lone Star wanted to raise this argument, it should have done so either by way of a summary judgment motion or back when jury instructions were being formulated. It is now too late for this argument.

## IV. Conclusion

For the foregoing reasons, Lone Star's motion should be denied.

---

[3] **The jury verdict form and jury instructions from the first trial were unambiguous** that the damages award was meant to be a lump sum payment for the life of the patent. Thus, the jury had substantial evidence of no willful infringement. *See e.g., Apple, Inc. v. Samsung Elecs. Co.,* 67 F. Supp. 3d 1100, 1120 (CAND) ("Here, in light of the ambiguity concerning whether the jury actually awarded a lump-sum royalty to compensate Apple for past *and* future infringement, the Court rejects Samsung's argument that the jury did so. [T]here is no express statement in the verdict form that the damages award would encompass damages for future infringement.") No such ambiguity exits here, and the jury had substantial evidence to make a determination of no willful infringement.

8

Dated:  July 22, 2022	Respectfully submitted,

By:  /s/ *Vinay V. Joshi*
Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Andrew T. Oliver (Calif. Bar No. 226098)
aoliver@atwiplaw.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

Counsel for Defendant
ASUSTeK Computer Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                    */s/ Vinay V. Joshi*
                                                      **Vinay V. Joshi**