IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LONE STAR TECHNOLOGICAL INNOVATIONS, LLC,** | § § § § | |
| *Plaintiff,* | § | Civil Case No. 6:19-cv-00059-RWS |
| v. | § § | |
| **ASUSTEK COMPUTER INC.,** | § § | |
| *Defendant.* | § § § § | |

**PLAINTIFF LONE STAR TECHNOLOGICAL INNOVATIONS, LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Lone Star Technological Innovations, LLC ("Lone Star") files its Reply in Support of its Renewed Motion for Judgment as a Matter of Law on the issue of the willfulness of the infringement of the '435 Patent by Defendant ASUStek Computers, Inc. ("ASUS"), and shows the Court as follows:

**I. The evidence established that ASUS had a specific intent to infringe after the first jury verdict finding infringement and no invalidity**

Contrary to ASUS's arguments, the evidence at trial established that ASUS had a specific intent to infringe after the date of the first jury verdict which found infringement and no invalidity, thereby satisfying the standard set forth by the Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105-06 (2016). In *Halo*, the Supreme Court rejected the objective recklessness prong of the former two-part test for willfulness in *Seagate*[1] because it excluded from punishment many of the most culpable offenders, including those who intentionally infringe another's patent. *Id.* at 94. Whether an act is willful is by definition a question of the actor's intent, the answer to

---
[1] *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

1

which must be inferred from all the circumstances. *WCM Industries, Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018).

The undisputed evidence at trial showed that ASUS's infringement after the May 2021 jury verdict was deliberate and intentional. ASUS's witness James Lee was shown the jury verdict and decided to continue to sell the accused products containing the infringing features without making any product changes. Trial Tr. 513:1-4. ASUS's corporate representative Morquecho testified that ASUS continued to sell the accused products after the May 2021 jury verdict, made no effort to design-around the '435 Patent or otherwise avoid infringement, and continued to promote the features that induce its customers to infringe. Trial Tr. 364:8-25 & 366:20-22. The only evidence before the jury was that ASUS subjectively intended to continue to infringe, selling products knowing that infringement was not just unreasonably risky but certain to occur. There was no evidence, let alone legally sufficient evidence, from which the jury could have found that ASUS did not act willfully. Accordingly, judgment as a matter of law that ASUS willfully infringed the '435 Patent after May 21, 2021, is warranted.

This Court previously held that a defendant willfully infringed patents by continuing sales of accused products containing the infringing features after a jury verdict that found the patents infringed and not invalid. *See VirnetX Inc. v. Apple Inc.*, 324 F. Supp. 3d 836, 861 (E.D. Tex. 2017), aff'd sub nom. *VirnetX Inc. v. Cisco Sys., Inc.*, 748 F. App'x 332 (Fed. Cir. 2019). ASUS erroneously claims that this principle requires both a verdict and a judgment. In the *VirnetX* case, however, the Federal Circuit had vacated the judgment and the 2012 infringement finding and remanded the case, yet this Court following retrial and another jury verdict predicated its holding

on willfulness on the original jury verdict of infringement. *VirnetX*, 324 F. Supp. 3d at 843, 861.[2] Continued infringement after a jury finding constitutes willful infringement.

ASUS's continued reliance on the notion that Lee's viewing of the jury instructions from the first trial somehow created a license is badly misplaced. ASUS has no answer for the facts that jury verdicts do not constitute licenses, the prior damages award was vacated, there was no evidence that ASUS paid any portion of the prior damages award, ASUS did not plead that it had a post-verdict license, ASUS did not plead advice of counsel as a defense to willfulness, and ASUS did not present any evidence that it relied on the advice of counsel as a defense to willfulness. ASUS's citing to its closing argument (Response at 8) cannot fill those lacunae because, as this Court instructed the jury, "Statements and argument of the attorneys are not evidence." Dkt. 352 at 1; *see also Foradori v. Harris*, 523 F.3d 477, 513 (5th Cir. 2008).

## II. ASUS's arguments based on the jury instructions are baseless.

ASUS's arguments based on the jury instruction on willful infringement are both legally and factually baseless. ASUS erroneously contends that proof of the factors of "whether or not ASUS tried to cover up its infringement" and "whether or not ASUS acted consistently with the standards of behavior for its industry" are necessary. The Court's instructions to the jury put the lie to this contention—"To determine whether ASUS acted willfully, ***consider all facts*** and assess ASUS's knowledge at the time of the challenged conduct. ***Facts that may be considered include, but are not limited***, to:" Dkt. 352 at 13 (emphasis added). Thus, these factors are not necessary or required for a finding of willfulness.

---

[2] Additionally, in *Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 462, 482 (E.D. Tex. 2010), *rev'd in part and vacated in part on other grounds*, 705 F.3d 1333 (Fed. Cir. 2013), *amended on reh'g,* 728 F.3d 1332 (Fed. Cir. 2013), the court stated that "[defendant] is now an adjudged infringer and [defendant's] continued infringement is both voluntary and intentional, making [defendant's] continued infringement willful," in the context of deciding post-verdict motions, *i.e.* prior to entry of judgment.

ASUS asserts that Lone Star failed to show evidence that "ASUS tried to cover up its infringement." Response at 4. This is incorrect.[3] During trial, ASUS's corporate representative, Morquecho, was questioned about P-14A, an ASUS FAQ that was published by ASUS in 2020 before the first trial in this matter. Trial Tr. 365:1-25; P-14A. ASUS touted the patented technology in its monitors in this advertisement that read: "For example, you can adjust the six colors, red, green, blue, cyan, magenta, and yellow, <u>without affecting the output of the other colors</u>." P-14A (emphasis added); Trial Tr. 365:18-25. Indeed, Morquecho admitted that such language was the focus of the '435 Patent. Trial Tr. 366:1-3. However, while the ASUS online literature was still published after a jury found ASUS liable for patent infringement, the language was since modified and ASUS removed the "without affecting the output of the other colors." *See* P-103.[4] The fact that ASUS modified the original language of the online article to remove the critical language is evidence of ASUS attempting to conceal its continued infringement.

ASUS further argues that "Lone Star provided no evidence of standards of behavior for ASUS's industry or that ASUS behaved inconsistently with that standard." Response at 3. This is also incorrect. At trial, Lone Star's damages expert, Stephen Dell, discussed at length his opinions regarding other comparable licenses by others in the industry, including Acer. *See e.g.* Trial Tr. 392:17-393:14 (noting that the Acer license "technically comparable, not only because it includes the '435 patent, but also because the products that were licensed by Acer were, in fact, comparable technology with respect to monitor products."). Dell explained that the Acer "agreement was resolved as a result of litigation, and the parties acknowledged that there was still

---

[3] ASUS also suggests that it cannot be found to have willfully infringed because it was only found to have induced infringement. Response at 5. ASUS cites no authority for this proposition, which is incorrect. *See Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-CV-00152-JRG, 2021 WL 4950308 at *22 (E.D. Tex. Oct. 25, 2021) (refusing to grant defendants a new trial on willfulness found for induced infringement).
[4] At trial, Morquecho was examined on the language of the actual live ASUS website as captured by P-104. Trial Tr. 366:5-22.

a dispute between – about infringement and validity." *Id*. at 396:11-397:2.  In other words, despite a dispute on infringement and validity, Acer still took a license which allowed them to properly implement the patented technology in its monitors.  In contrast, ASUS *did not*.  In the testimony of the ASUS employee, Lee was asked if he was aware of any ASUS patent license with Lone Star.  Trial Tr. at 510:16-511:2.  He testified in response that "[a]ll [he] know[s] is there is this lawsuit." *Id*.  In sum, the industry understands (even if infringement and validity are at issue) that in order to practice the patented invention, one must take a license.  Lone Star argued this very point in closing argument noting that "You don't get a license unless you pay for the license."  Trial Tr. 700:6-19.  The fact that ASUS did not pay for a license is certainly evidence that it operated against the industry norm.

There was no legally sufficient basis for a reasonable jury to find for ASUS on the issue of willfulness under controlling law.  Accordingly, the Court should grant this motion and enter judgment as a matter of law that ASUS willfully infringed the '435 Patent after May 21, 2021.  Lone Star further requests all other relief the Court finds just and equitable.

Dated: July 27, 2022

Respectfully submitted,

*/s/ J. Robert Arnett II*
James Robert Arnett II
Texas Bar No. 01332900
barnett@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Bradley D. Liddle
Texas Bar No. 24074599
bliddle@carterarnett.com
Monica Goff
Texas Bar No. 24102101
**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: No.: (214) 550-8188
Facsimile No.: (214) 550-8185

John D. Saba, Jr.
Texas Bar Number 24037415
**WITTLIFF CUTTER PLLC**
1209 Nueces St.
Austin, Texas 78701
Telephone: (512) 960-4865
Facsimile: (512) 960-4689
john@witliffcutter.com

John Lee (admitted to E.D. Texas)
**BANIE & ISHIMOTO LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
Telephone: (650) 241-2771
Facsimile: (650)-241-2770

**ATTORNEYS FOR PLAINTIFF**